## CLARK *vs.* LUCE.

The *summons* or *attachment* authorized by the 33d section of the *act to abolish imprisonment, &c.,* may issue from a justice's court, *without any affidavit* whatever, against a *defendant residing out of the county* in which process is asked.

ERROR from the Monroe common pleas. On the 6th July, 1833, Luce sued out an *attachment* against Clark under the *thirty-third* section of the act to *abolish imprisonment,* &c. *Session Laws of* 1831, *p.* 403, which was issued by a justice of the peace of the county of *Monroe,* founded on an affidavit of Luce that Clark was a *non-resident* of that county, and was indebted to him in the sum of about $50, over and above all discounts, and that such indebtedness arose on contract. On the return day of the attachment, the planintiff declared for the rent of a house and lot, and the defendant *pleaded in abatement,* 1. That the *affidavit* made by the plaintiff was not conformable to the requirements of the statute ; 2. A plea substantially like the first ; and 3. That on the same day the *attachment* was issued, a *summons* was also issued at the suit of the plaintiff against the defendant, both being tested and made returnable on the same day, both being founded on the same affidavit, and that both processes were served. To these pleas the plaintiff *demurred,* the defendant joined in demurrer, and the justice decided the pleas to be insufficient. The defendant then pleaded the *general issue,* and after trial the justice rendered judgment for the plaintiff. The defendant appealed to the Monroe common pleas where the cause was tried upon the *issue of fact,* and a verdict rendered by a jury for

UTICA,
July, 1836.

Clark
v.
Luce.

the plaintiff. The common pleas also passed upon the *issues of law*, and adjudged the pleas to be bad, and judgment was accordingly rendered for the amount of the verdict and costs. The defendant sued out a writ of error.

*P. G. Buchan & H. Gay*, for the plaintiff in error.

*H. Humphrey*, for the defendant in error.

*By the Court*, SAVAGE, Ch. J. The regularity of the issuing of the attchment is the principal, perhaps the only point in the case. It was issued under the 33d section of the act of 1831; but it is necessary to refer to some of the previous sections. The 30th section prohibits imprisonment upon execution on justices' judgments, except in four cases : 1. Where the person against whom it issues has not resided within this state for 30 days before suit commenced ; 2. Where the judgment was for money collected as a public officer ; 3. For official misconduct or deglect of duty ; 4. For damages for misconduct or neglect in any professional employment. The 31st section declares that no warrant shall issue in any case, except where an execution may issue to *imprison* the person; a warrant issues under this statute in the four cases above specified. The 32d section provides, that where a warrant cannot issue, a non-resident plaintiff, on certain proof and security, may have a summons returnable in not less than two and not more than four days. 'The 33d section is as follows : "Wherever, by the provisions of the 30th section of this act, no warrant can issue, and the *defendant shall reside out of the county*, he shall be proceeded against by *summons* or *attachment*, returnable not less than two nor more than four days from the date thereof, which shall be served at least two days before the time of appearance mentioned therein ; and if such defendant be proceeded against otherwise, the justice shall have no jurisdiction of the cause." The 34th section enumerates certain cases in addition to those in which attachments might previously issue, and the 35th section prescribes the evidence upon which an attachment may issue *in such case*, or in the cases provided for in the revised statutes; but the case em-

braced in the 33d section seems to be not included amongst any of those requirements. A bond is required in the cases provided for in this act, with sureties, and upon the conditions prescribed by the revised statutes.

Before the act of 1831, the process against non-resident debtors was by warrant; and if judgment was obtained and property was not turned out upon execution, the defendant was imprisoned ; but when imprisonment for debt was abolished, it seemed proper that an arrest should be dispensed with, in all cases where the party could not be imprisoned upon final process. Hence the 33d section does not *allow* the summons or attachment, in cases where the defendant is liable to be imprisoned, because in such cases a warrant may be issued ; but when a warrant cannot be issued, this statute intended to give a more summary and effectual remedy than against residents of the county ; and therefore, as I apprehend, left the plaintiff to take an attachment against a defendant who is not a resident of the county, but is a resident of the state, as a substitute for a warrant under the former statute—and to be issued in the same manner, at the peril of the plaintiff. So it was formerly as to the issuing the warrant against a non-resident defendant. No affidavit was necessary. The plaintiff issued his warrant at his peril ; if it turned out that the defendant was not a non-resident of the county, the proceeding was irregular. So also formerly, a warrant could not be issued against a freeholder or inhabitant having a family, except under certain circumstances—and those circumstances must be shown, in order to justify the issuing the warrant ; but against persons not inhabitants, or if inhabitants and not freeholders nor having families, a warrant issued as matter of course—as much so as a summons. No affidavit was required. As the statute does not now require an affidavit, none is necessary in this case.

The issuing a *summons* at the same time with the *attachment* could not operate as a bar to the suit upon the attachment, even if both were for the same cause of action, (which however is not averred.) The plaintiff had a right to go on

UTICA,
July, 1836.

with the suit commenced by attachment, and subsequently discontinue the suit commenced by summons.

The common pleas decided correctly, and their judgment must be affirmed.