Cowen, J.
By the Court, The attachment in this particular case of a nonresident defendant is given by the 33d section of the non-imprisonment act. Statutes of 1831, p. 403. The same act, so far as is material here, is incorporated *in 2 R. S. 2d ed. p. 193, et seq. See es- [ *337 ] pecially p. 201 and 202. Section 33 is, that “ whenever by the provision of the 30th section of this act, no warrant can issue, and the de *337 fendant shall reside out of the county, he shall be proceeded against by summons or attachment, returnable not less than two nor more than four days from the date thereof; which shall be served at least two days before the time of appearance mentioned therein ; and if the defendant be proceeded against otherwise, the justice shall have no jurisdiction of the cause.” The 34th and 35th sections allow preliminary proof by the oath of the party alone ip all cases of attachment; and they multiply the grounds of issuing them where the claim is fifty dollars or less. Smith v. Weed, 20 Wendell, 184. The former provisions are in 2 R. S. 162, 2d ed. § 26, et seq.; and under these, taken in connection with the provisions of the non-imprisonment act, § 34' and 35, the doctrine stands thus : an attachment for one hundred dollars or less, goes when the debtor has departed or is about to depart the county, with intent to defraud his creditors, or is concealed to avoid the service of civil process. For fifty dollars or less, it may go when he has removed, or is about to remove his property from the county, or has assigned, disposed of, secreted, or is about to assign, &c. his property with the like intent, whether he be a resident of this state or not; and iñ either case, the applicant may obtain process on his own affidavit, and on giving bond. The old statute contains various provisions as to the form and service of the attachment. All the provisions of that statute not expressly repealed by the non-imprisonment act, and not inconsistent with it, are by the latter act, § 43, declared to be in full force, and to apply to the provisions of the latter act, so far as they relate to a justice’s court. Intermediate the old and new provisions concerning the ground, the form, the preliminaries and the mode of serving an attachment, comes in the 33d section, which was intended to provide for process against defendants not residing in the same county with the plaintiff. The previous 30th and 31st sections having forbidden their arrest for most claims arising on contract; and the fifty dol- [ *338 ] lar *act having afforded process by warrant only on the plaintiff’s oath, against a non-resident of the county where the process issued, it became necessary to provide a substitute ; and that was given by the 33d section, which I have quoted at large. To state its provisions briefly : it declares that the non-resident “ shall be proceeded against” by short summons or by short attachment. There is no doubt that a short summons may go of course, without either oath or security; for it is the only process against the person which is left in such a case. It comes simply in place of the old warrant, though it issues without the oath with which the warrant was embarrassed. It is process of course, like the long summons; and, with the single exception of shortness in return and service, it stands subject to all the legal provisions applicable to the long one. Vid. Ackerman v. Finch, 15 Wendell, 652. It is to be issued by and returnable before the justice, and served and returned in the same manner as a long summons. The single question is whether the attachment also issues of course, or whether, when *338 the section says you may proceed by summons or attachment, it means, as to the latter process, to be read in reference to the provisions which respect the preliminaries of that particular sort of process : for instance, whether you must not make out a case of fraud or attempted fraud on creditors in removing, assigning, disposing of or secreting the defendant’s property, or his being about to do so, or show that he is concealed with the. like fraudulent intent, although he reside out of the county ; and whether you must not moreover give a bond with sureties, to protect him in such an ex parte proceed* ing, against which he may have ho chance to defend himself; whether, in short, the 33d section should not be read that you shall go against him by summons or attachment, as the case may be, or according to the circumstances of the case, thus either taking your summons of course, or resorting' to the attachment as an extraordinary remedy for fraud. It is now strenuously insisted that the distinction between a summons and attachment, as pri. mary and secondary process, was no more intended to be dispensed within this case than in any other ; that the statute *not express- [ *339 ] ly declaring such dispensation to be its purpose, and being perfectly capable of a construction in harmony with the distinction mentioned, the saving it, is not, in the language of § 43, inconsistent with any of the provisions of the non-imprisonment act, and therefore it exists in full force.
For this view of the case, I am myself in a considerable degree responsible. In Ackerman v. Finch, I said “ the true meaning of the section (33) is, that the defendant shall be proceeded against primarily by short summons, or secondly, by attachment, provided a proper case for this shall exist ; and in order to entitle the party to the extraordinary process, no doubt he must give proof and security, whether the defendant be resident or nonresident.” This remark was made while looking through the different provisions of the non-imprisonment act, and other statutes, in order-to ascertain the extent of the right, which the party had derived to a short summons from the same section (33.) The sole point was this right to a short summons, in a case where both plaintiff and defendant were non-residents of the county in which the summons issued. The remark was no more than argument from analogy, which I confess I ought net to have used without its appearing to me, as it certainly did at the time, both well founded in fact, and in some measure pertinent to the main question. The court, however, are not responsible beyond the point actually involved. At the previous July term, before I came to the bench, it had been directly decided in Clark v. Luce, 15 Wend. 479, that the distinction between other summonses and attachments, Avhich requires for the latter a preliminary oath and bond, was repealed by the non-imprisonment act, in respect to the summons and attachment of the 33d section. In other words, the plaintiff may, in all cases where the defendant resides out of the county in which the process is taken, proceed of course either by summons or attachment; that the statutes, so *339 far as they demand any preliminaries to an attachment, have no application to the case of non-resident defendants. And it was accordingly held, that an attachment under section 33d was valid though not preceded by an affidavit.
[ *340 ] *That being so, on the principles mentioned by the late Chief Justice Savage, who, in Clark v. Luce delivered the opinion of the court, it follows that no bond is necessary. It is said he admits arguendo, that “ a bond is required in the cases [of attachment] provided for in this act.” [non-imprisonment act.] That is true. A bond is required by § 35, in cases under that act; and the same section requires the oath of the party, not only in cases provided for by that act, but in cases under the former statute. The chief justice did not say in all cases utider the act. Such a broad remark would have been incompatible with the very point of the decision.
Clark v. Luce was not before me, nor had it been published when we decided Ackerman v. Finch. I had never heard of the decision; and although the argument which supposed the former case to have been wrongly decided, was mentioned to my brethren as a support of our common conclusion in the latter case, I am not surprised, considering the nature of the question and the intensity and diversity of their avocations, that they should not at the moment have recollected, and connected my line of argument. The chief justice, retired from the bench soon after having, at the previous term, delivered the opinion, and whatever degree of attention the other judges might severally have bestowed while the case was under advisement, it is hardly possible that it should have been distinctly recalled to their view by an abstract dictum in another cause.
As to a review of that case, then, we have only to add that, with whatever qualifications the statute may heretofore have been understood, the question is undoubtedly one of construction upon the words of an act which, when taken generally, sustain the decision which has been made upon them. There is nothing in the act which expressly or by necessary implication qualifies them ; and even if the balance of our minds should now be the other way, we cannot, without departing from the maxim stare decisis, et nou quieta movers, indulge the inclination. The decisions of this court, while unreversed, always formed the absolute law of the case, and en- [ *341 ] tered with very decisive effect into the body *of precedents. They must, from the nature of our legal system, be the same to the science of law, as a convincing series of experiments is to any other branch of inductive philosophy. They are, on being promulgated, immediately relied upon according to their character, either as confirming an old or forming a new principle of action, which perhaps is at once applied to thousands of cases. These are continually multiplying throughout the whole extent of our jurisdiction. Numerous and valuable rights, offensive and de *341 fensive, may bo claimed under them ; and I have no doubt this remark is peculiarly true of the decision in Clark v. Luce. That decision, moreover, like all others made upon questions of statute construction, even should it be reversed by the court of dernier resort, •would still, by force of another statute, be itself equal to a legislative enactment concerning the particular case, for the purpose of protecting all persons who may have, in the meantime, acted under it in good faith, against any penalty or forfeiture. 2 R. S. 499, 2d ed. § 66.
Independent of this statute, Sir. William, Jones has written an excellent commentary on the maxim stare decisis, fecf, by way of reply to a remark of Powell, J. who said, “ nothing is law that is not reason.” This is a maxim, says Jones, “ in theo'ry excellent, but in practice dangerous, as many rules, true in the abstract, are false in the concrete ; for, since the reason of Titius may, and frequently does, differ from the reasons, of Septimius, no man who is not a lawyer, would ever know how to act, and no man who is a lawyer, would, in many instances, know how to advise, unless courts were bound by authority as firmly as the pagan deities were supposed to be bound by the decrees of fate. Jones on Bailm. 60, Am. ed. 1804. The court almost always, in deciding any question, create a moral power above itself; and now when the decision construes a statute, it is legally bound for certain purposes, to follow it as a decree emanating from a paramount authority, according to its various applications in and out of the immediate case. And I take it this would be of such a constructive decision, even were we to overrule it as erroneous, by a subsequent one.
In disposing of the case before us, therefore I have contented *myself with inquiring whether it was either directly passed upon [ *342 ] by Clark v. Luce, or necessarily controlled by the principle established in that case. We all think it is so controlled. The result is, that neither an affidavit nor bond was necessary ; and the pleas making out a case in other respects authorizing the attachment, there must be judgment for the defendants on both demurrers.