[ *485 ]  *WEBBER & HAND *vs.* GAY & EYSAMAN. .

An *attachment* issued under the *non imprisonment act* is *void*, if it be made returnable more than *four days* after its date, although the proceeding be under § 34 of that act, allowing such process against a debtor *about to remove his property* from the county.

A *constable*, however, executing an attachment returnable more than four days after its date, is protected, although he *knew* the facts limiting the return of the process to four days, provided that in other respects the process be good on its face.

THIS was an action of *replevin*, tried at Herkimer circuit in April, 1840, before the Hon. JOHN WILLARD, one of the circuit judges.

The action was brought by A. B. Webber and I. Hand, for the taking and detaining of four horses and two sets of harness, *mortgaged* to them on the 12th July, 1836, by D. S. Webber and E. Mansfield. The property was at the time in the possession of *Gay*, one of the defendants; it was demanded of him by the plaintiffs, but he refused to deliver it up, alleging that he had a demand against the mortgagors for the keeping of the horses. On the 30th July, Gay sued out an *attachment* against the mortgagors, by virtue of which the property in question was seized; whereupon it was replevied by the plaintiffs. In the *affidavit* upon which the attachment was issued, Gay stated that *D. S. Webber* and *E. Mansfield* were indebted to him in the sum of $50, over and above, &c. and that he believed that they *were about to remove some of their property* with intent to defraud their creditors, and that they *were not residents of the county of Herkimer*, (to a justice of which county the application for the attachment was made.) The warrant was made returnable *seven days* after its date. *Eysaman* was the constable who served the attachment. He was present when the application for the process was made, and became the *surety* of Gay in the bond executed by him upon that occasion: which bond was in the penalty of $100. The defendants pleaded *separately;* and in pursuance of a notice accom-

[ *486 ]  panying their pleas, offered to prove that the mortgage *under which the plaintiffs claimed was fraudulent and void as against *Gay,* one of the defendants—he being a *creditor* of the mortgagors, and as such having sued out the attachment. The judge ruled that the defendants being *non-residents of the county* of Herkimer, the attachment was void in being made returnable more than four days after its date; that *Eysaman,* the constable, *knowing* the fact that the defendants named in the attachment

*were non-residents* of the county, was not protected by the process; and that consequently neither of them could allege fraud in the mortgage. The jury, under the direction of the judge, found a verdict for the plaintiffs. The defendants ask for a new trial.

*L. Ford*, for the defendant.

*T. Jenkins*, for the plaintiff.

*By the Court*, NELSON, Ch. J. It was decided in *Clark* v. *Luce*, 15 *Wendell*, 479, that an attachment under the 33d section of the act of 1831, *Statutes of* 1831, *p.* 403, might issue against non-residents of the county without any affidavit. In terms, hovever, the attachment must be returnable in not less than two days, and must not run more than four days from its date. And if a defendant be proceeded against otherwise, the stat-ute declares *the justice shall have no jurisdiction*.

The counsel for the defendants insist that in this case the attachment was issued under the 34th section, and if so, the return is undoubtedly regular. If it may be issued against non-residents of the county under this section, the preliminary steps before the justice are probably sufficient, though the affidavit is quite meagre. That section provides, that in addition to the cases in which a suit may be commenced under the revised statutes by attachment before a justice, (this is the import,) it may be so commenced for the recov-ery of a debt not exceeding $50, whenever it shall satisfactorily appear to the justice, that the defendant *is about to remove* from the county *his property, &c. whether such *defendant be a resident of the* [ *487 ] *state or not.* The language doubtless is broad enough to embrace the case of non-resident defendants; but I think it should be construed as intended to apply, exclusively, to residents of the county. The previous section had already provided for the former, and, as has been held in *Clark* v. *Luce*, authorizes the issuing without any preliminary proceedings. The 34th section, therefore, could not have intended to prescribe a like remedy, fettered with these proceedings, for the sake of affording the alternative to the creditor; it would have been worse than useless. As some of the previ-ous provisions recognized a distinction in legal proceedings before the justice favorable to residents of the state, the clause was, probably, thrown in for the purpose of repudiating it in the particular case. The limitation of time in the return of the attachment against non-residents, was to afford a speedy opportunity for trial; was intended for their convenience, and should be up-held if possible, consistent with a reasonable interpretation of the several provisions.

2. I think the learned judge erred as to the officer. I am not aware the

court has ever looked beyond the process with a view to see if he was cogni zant of the irregularity. The point was thrown out by the chancellor in *Parker* v. *Walrod*, 16 *Wendell*, 519, but no definite opinion expressed. The general rule as there admitted is, if the justice has jurisdiction of the subject matter, and if the process is regular upon its face, he is protected. To go beyond this, would lead to a new and troublesome issue, which would tend greatly to weaken the reasonable protection to ministerial officers. Their duties, at best, are sufficiently embarrassing and responsible ; to require them to act or not, at their peril, as they may be supposed to know or not the technical regularity of the party or magistrate, seems to me an innovation upon previous cases, and against the reasons and policy of the rule. The experience of the officer will soon enable him to determine whether the process is in regular form or not, or he can readily obtain the ne-

[ *488 ] cessary advice ; but he must be presumed wiser than *the magistrate if even a knowledge of the proceedings would enable him to decide correctly, if they happened to be erroneous. I think a new trial should be granted as to the officer.

Ordered accordingly.