By the Court, Bronson, J.
The pleas allege that the plaintiff claimed the goods under a pretended sale thereof by Simon Tan Etten to the plaintiff, which pretended sale was void, and that the goods were the. property of Simon. If there was nothing else in the pleas they would be bad. They would give no color for the action, and consequently be obnoxious to the objection of amounting to the general issue. (Brown v. Artcher, 1 Hill, 266.) But the pleas admit that the property was taken from the possession of the plaintiff, and so plainly give color. The plaintiff’s possession was sufficient to give him an action of trespass against a stranger, although the property belonged to another. The defendants admit the plaintiff’s right to sue, unless they can justify under the process against Simon. Such *313 a plea is not bad for lack of color. It does not amount to the general issue; but confesses and avoids the action.
The defendants evidently intend to attack the plaintiff’s title to the goods under the sale from Simon Tan Etten, on the ground that the sale was fraudulent and void as against creditors. True, the pleas say nothing about creditors, and it is possible that the sale was bad for some other fraud. But a special pleader is not at liberty to leave his pleading open to different constructions, and then take his choice between them. If the defendants mean that there was such a fraud on the part of the plaintiff that the title did not pass as between the parties to the sale, they should have said so. But there can be little doubt that the defendants mean to attack the sale on the ground that, although it may be good as between the parties to it, it was fraudulent and void as against creditors. To do this, they must show a judgment as well as execution; or where, as in this case, they proceed by attachment, they must show that the justice had jurisdiction, and that the process was regularly issued. And this is necessary to the justification of the officer, as well* as the creditor. (High v. Wilson, 2 Johns. 46; Noble v. Holmes, 5 Hill, 194, and note (b).) In most cases, process regular upon its face will be a sufficient protection to the officer; but it is otherwise when the process is used for the purpose of avoiding a sale under the statute of 13 Eliz. There the officer must show a good foundation for the process.
Attachments against non-resident debtors under the 33d section of the non-imprisonment law, (Stat. of 1831, p. 403,) may issue without any affidavit. (Clark v. Luce, 15 Wend. 479; Bates v. Relyea, 23 id. 336.) What is said in the pleas about an affidavit is therefore a matter of no moment, and may be laid out of the case. The pleas are then bad because it is not stated or averred that Simon Van Etten was a non-resident of the county. Without such an averment it does not appear that the justice had any jurisdiction to issue the attachment. Instead of stating that Cushing made affidavit of the non-residence of the debtor, the pleas should have alleged that in point of fact he was a non-resident. As the statute does not require an affidavit, *314 1 do not see how any benefit can be claimed from the fact that one was made. Indeed, it seems to be an extra-judicial oath, which can do no good in any point of view.
The general allegations in the pleas that Cushing applied for the process pursuant to the statute, that he complied with the requirements of the statute, that the justice had jurisdiction, and issued the process in pursuance of the statute, and the like, are of no avail. Where it is necessary to show jurisdiction, the party must allege the existence of the facts on which jurisdiction depends. (Sackett v. Andross, 5 Hill, 327.)
The pleas are also bad because it is not averred that Cushing was a creditor of Simon Van Etten. No one but a creditor had a right to attack the sale to the plaintiff. (Damon v. Bryant, 2 Pick. 411.) The affidavit that Simon Tan Etten was indebted to Cushing will not aid the pleas, for the reasons already mentioned.
Judgment for the plaintiff.