## TAYLOR *vs.* HEATH.

To authorize the issuing of an attachment by a justice of the peace against a non resident, pursuant to the *thirty-third* section of the act to abolish imprisonment for debt, the party applying for the process must make an affidavit of the fact of non-residence, and execute the bond required by the revised statutes, on applications for an attachment before a justice of the peace. *Per* BEARDSLEY, J.

Where there was no sufficient affidavit, and it did not appear in any way that the defendant was a non-resident; *held* that the judgment should be reversed.

ERROR to the Albany common pleas. Taylor sued Heath by attachment on the 7th December, 1842, returnable the 9th

of said December. The constable stated in his return what property he had attached, but that he had not served the attachment personally on the defendant. The plaintiff appeared on the 9th, but the defendant did not, and a short summons was issued returnable the 12th of December, to which the return was, that the defendant, after a due search, could not be found. The plaintiff appeared, but the defendant did not. Declaration on a note and an account. Witness sworn, &c. Judgment for the plaintiff. ]

On certiorari the common pleas reversed the judgment, because, as is said, the justice had no jurisdiction of the person of the defendant.

*R. M. Townsend*, for the plaintiff in error.

*L. J. Lansing*, for the defendant in error.

BEARDSLEY, J. The judgment in this case was rendered by the justice upon proceedings by way of attachment and short summons. By the act to abolish imprisonment for debt, passed in 1831, suits may be instituted against non-resident defendants by attachment. (*Laws* 1831, 403, § 33.) This was a new remedy, substituted in certain cases for the former process by warrant, which in those cases the statute abolished.

There was a written application for the attachment, but it did not state the ground on which it was asked for. There was also an affidavit made by the plaintiff, but it is so drawn as to be nearly unintelligible. It is impossible to gather from it that the defendant was a non-resident.

If, therefore, proof of that fact was requisite to authorize the issuing of an attachment, these proceedings were irregular, and the judgment rendered by the justice was consequently erroneous.

But to this it is answered that no affidavit whatever was necessary; that where the defendant is in fact a non-resident, an attachment may issue as a matter of course, without proof of such non-residence. This view of the law, I admit, is sus-

tained by the opinions of most respectable judges, but from which, I am constrained to add, I totally dissent.

In *Clark* v. *Luce*, (15 *Wend.* 479,) the plaintiff made affidavit before the justice that the defendant was a non-resident of the county, upon which an attachment was issued against him. On the return day both parties appeared, and the defendant pleaded in abatement, amongst other things, that the affidavit was not in conformity with the statute, and on demurrer the justice gave judgment for the plaintiff. The defendant then pleaded the general issue, which was tried, and the plaintiff had judgment. · This was carried by appeal to the common pleas, where the issue of fact was tried by a jury and a verdict found for the plaintiff. The report states that the court of " common pleas also passed upon the issues of law, and adjudged the pleas to be bad, and judgment was accordingly rendered for the amount of the verdict and costs." That judgment was brought to this court by writ of error and affirmed, the opinion being delivered by Savage, Chief Justice. He began by remarking that " the regularity of the issuing of the attachment was the principal, perhaps the only point in the case." Various provisions of the statute on the subject were then referred to; but without at all passing upon the sufficiency or insufficiency of the affidavit which had been made, he precluded all inquiry upon that subject by holding that no affidavit whatever was necessary in such a case, as an attachment against a non-resident might issue as of course under the *thirty-third* section of the act of 1831.

This, as it seems to me, cannot be regarded as an adjudication upon the present question, for the point was not then before the court. The judgment appealed from was rendered on an issue *of fact*, and not an issue *of law.* (2 *R. S.* 258, § 186.) The issues of law which arose on the pleas in abatement, had been decided against the defendant, and those pleas were waived by pleading the general issue. Upon this issue the judgment appealed from was rendered. As I understand the statute on the subject, the issue of fact alone was in question in the common pleas ; the issue of law, which had been formed and de-

cided in the justice's court, having been waived, and therefore not carried up by the appeal. (*Id.* §§ 186, 194, 210 *to* 216; 6 *Hill*, 621.) In this state of the case, no question as to the regularity of the attachment could be made in the common pleas. If the defendant would have made such a point he should not have appeared to the action, or should have rested on his pleas in abatement, but having pleaded in chief, and been beaten on the issue of fact, his remedy by appeal was upon the merits of the controversy, and could not reach the question of the regularity of the attachment. Such being the case of *Clark* v. *Luce*, the opinion of the late chief justice was upon a point not material to be considered, nor strictly before the court for decision. It cannot, therefore, be regarded as authority which the court are bound to follow, although certainly entitled to most respectful consideration.

I am aware that in *Bates* v. *Relyea & Wright*, (23 *Wend.* 336,) the late Mr. Justice Cowen appears to have taken the opinion in *Clark* v. *Luce*, as a controlling authority, upon the strength of which it was held that neither an affidavit or a bond was necessary. It is plain enough that Judge Cowen was not satisfied with that opinion, but upon the maxim *stare decisis et non quieta movere*, he declared that he felt himself bound by it.

It is unnecessary now to say how far, if at all, a single adjudged case, believed to have been erroneously decided, should ever be regarded as absolutely authoritative in the same court. For myself, I think it should never be allowed to preclude a re-examination of the point adjudged, nor deter the court from exercising an independent judgment on the question. Much more is due to a train of decisions, resulting in a rule of property which has been acted upon and acquiesced in for a considerable period of time; but I cannot agree to follow any case, of comparatively recent date, on the single ground that the point has been adjudged.

But if I am right in my view of *Clark* v. *Luce*, no principle, applicable to the present case, or to that of *Bates* v. *Relyea & Wright*, was involved in it, and of consequence it decided

nothing relevant to either. We could not, therefore, even if disposed to do so, refer to *Clark* v. *Luce*, and repose ourselves upon *stare decisis*, for the question before us was not involved in that case, and no case can ever be regarded as authorita- tive beyond the direct point in judgment.

Nor should the case of *Bates* v. *Relyea & Wright*, be allow ed to control the decision we are now to make. That was trespass *de bonis asportatis*, in which the defendants justified under an attachment issued in their favor against the plaintiff. The question before the court arose on the *second* plea, which set up that they prosecuted the plaintiff by attachment, alleging that he was at the time a non-resident of the county, but with- out stating in the plea that this fact had been proved to the justice who issued the attachment. The court held the plea good upon the authority of *Clark* v. *Luce*, Judge Cowen re- marking that it was a question "of construction upon the words of an act," and even if the balance of the minds of the court should be against the opinion in *Clark* v. *Luce*, they could not "without departing from the maxim *stare decisis, et non quieta movere*, indulge the inclination." The case of *Bates* v. *Relyea & Wright*, was decided exclusively on au- thority, and not upon an examination of the statute on which the question arose; it therefore does not greatly add to the strength of the precedent case. The same remark is applica- ble to *Van Etten* v. *Hurst*, (6 *Hill*, 311.) All of these cases depended, as the present also does, upon positive law: upon what the statute contains. I think it will be seen that a provis- ion in the statute, explicit in its terms, and direct to the pur- pose, was entirely overlooked, in deciding them, and which, to my mind, is a decisive objection to them as authority. Add to this that *Clark* v. *Luce*, so far as respects the present question, was an opinion only, and not a decision; and that *Bates* v. *Relyea & Wright* was a collateral action, and not, as this is, a direct proceeding by way of certiorari and writ of error, to review what had been done in the justice's court, and, I think, we need not be embarrassed on the score of authority.

By the revised statutes suits might be commenced by attach-

ment whenever it should satisfactorily appear to the justice, that the debtor had departed or was " about to depart from the county where he last resided, with intent to defraud his creditors, or to avoid the service of any civil process; or that such debtor keeps himself concealed with the like intent." (2 *R. S.* 227, § 11, *p.* 230, § 26.) But application for such attachment was required to be in writing, and to be accompanied by the affidavit of the creditor or his agent, in which the sum due was to be stated, " and the grounds upon which the application is founded; and the facts and circumstances to establish such grounds shall also be verified by the affidavit of two disinterested witnesses." A bond with approved security, was also to be given by the applicant, all which being done, and under the revised statutes all these were indispensable, the attachment might be issued. (§§ 27, 28, 29.)

Then came the act to abolish imprisonment for debt, the *thirty-third* section of which declares, that " whenever, by the provisions of the thirtieth section of this act, no warrant can issue, and the defendant shall reside out of the county, he shall be proceeded against by summons or attachment." The next succeeding section authorizes an attachment to issue where the property of the debtor has been fraudulently assigned, &c. but before any attachment shall issue in *such* case, or in the cases provided for in " the revised statutes, the plaintiff shall by his own affidavit, or that of some other person or persons, prove to the satisfaction of the justice, the facts and circumstances to entitle him to the same ;" and so much of said revised statutes " *as requires any other or different proof for the issuing of an attachment, than that required by this section, is hereby repealed.*" (§ 35.) By this section, in terms, a bond is required in all cases provided for by this act.

This section dispenses with the affidavit of two disinterested witnesses which the revised statutes required; (2 *R. S.* 230, § 28 ;) but not so with the affidavit of the creditor himself, or of some one on his behalf, which the revised statutes also made necessary. No attachment therefore can now issue under the authority of those statutes, without such affidavit of the party

Taylor *v.* Heath.

or his agent. It must also be made when an attachment is applied for under the *thirty-fourth* section of the act to abolish imprisonment for debt. (*See* § 35.) And in my judgment it is equally necessary, before an attachment can lawfully issue against a non-resident under the *thirty-third* section of that act. It is authorized, in such case, because the defendant is a non-resident, and one against whom no warrant can issue ; but these facts and circumstances must be proved by the affidavit of the party or his agent, or an attachment cannot issue in this, more than in any other case. It is never to issue as of course, but only when proper cause is shown. This, as it seems to me, cannot admit of a doubt, for the *forty-third* section of the act to abolish imprisonment for debt declares, that all the provisions of the revised statutes, which require proof to be made, and security to be given, before an attachment can legally issue, and which are not expressly repealed by said act, nor inconsistent with its provisions, shall be in full force, and shall apply to the provisions of said act to abolish imprisonment for debt, "*so far as the same relate to proceedings in courts before justices of the peace.*" Issuing an attachment against a non-resident defendant, is a proceeding in court, before a justice of the peace.

The provision of the revised statutes, which requires an affidavit of the applicant for an attachment, or his agent, proving the grounds on which it is applied for, is not repealed expressly or by implication, by the act to abolish imprisonment for debt ; nor is it inconsistent with any thing contained in said act. Such an affidavit is therefore now required by law before an attachment can issue under the *thirty-third* section, or indeed, in any case whatever. Section *forty-three* seems to have escaped the attention of the court, in deciding the two cases which have been referred to, or they would have been otherwise disposed of.

The attachment, in this case, was issued without authority, and against law, and the judgment of the common pleas, reversing that of the justice, was correct, and should be affirmed

Taylor *v.* Heath.

BRONSON, C. J. and JEWETT, J. concurred in the opinion that the judgment of the common pleas ought to be affirmed, on the ground that it did not appear in any way that the defendant was a non-resident; but without expressing any opinion upon the question discussed by BEARDSLEY J., whether the statute required an affidavit in such a case.

Judgment affirmed.(*a*)

(*a*) Decided July term, 1845.