[254]                    BENNETT *vs.* BROWN.

In order to procure an attachment from a justice of the peace against a non-resident
   of the county, under the 33d section of the act to abolish imprisonment for debt, a
   bond with security must be given by the applicant.
The case of *Clark* v. *Luce*, (15 *Wend.* 480,) holding a contrary doctrine, overruled.

M. BENNETT and J. Bennett brought an action in the supreme
court against Brown, on an attachment bond.   One Smeads had
procured from a justice of the peace of the county of St. Law-
rence, an attachment against the property of the Bennetts, who
were non-residents of that county, and on the issuing of the
process the bond was given, upon which the present action was
brought, Brown being the surety therein.   The defendant had
judgment in the supreme court on demurrer to his plea.   The
plaintiff appealed to this court.   The question is stated in the
opinion of GARDINER, J.

*J. A. Hathaway,* for appellant.

*A. B. James,* for respondent.

GARDINER, J. delivered the opinion of the court.
The question presented by the pleadings is, whether security
by bond is authorized and required, in order to procure an at-
tachment, under the 33d section of the act to abolish imprison-
ment for debt.   (2 *R. S. 2d ed.* 202, § 292.)   That section pro-
vides that "whenever by the provisions of the 30th section of
this act, no warrant can issue, and the defendant shall reside
out of the county, he shall be proceeded against by summons,
or *attachment,* returnable not less than two, or more than four
days from the date thereof, &c. and if such defendant be pro-
ceeded against otherwise, the justice shall have no jurisdiction
of the cause."   The authority granted by this section, was in
addition to powers conferred upon the magistrate in cases of
[255] attachment, by the 26th section of the revised statutes, in

all of which the application for the process was required to be made in writing, with an affidavit stating the amount due, and the grounds of the application ; and the facts and circumstances to establish such grounds, were to be verified by the affidavit of two witnesses. (2 *R. S. 2d ed.* 160, §§ 26 *to* 28.) By the 29th section, a bond with sufficient surety, to be approved by the justice, was also to be executed, with a prescribed condition.

By the 43d section of the act to abolish imprisonment for debt, (2 *R. S. 2d ed.* 203, § 301,) " all the provisions of title fourth, (which include the sections from the revised statutes above mentioned,) not hereby expressly repealed, and not inconsistent with the provisions of this act, are hereby declared to be in full force, and to apply to the provisions of this act, so far as the same relate to proceedings in courts before justices of the peace." In addition to this general provision, the 35th section of the same act declares, that the plaintiff, or some one in his behalf, shall also execute in the " *cases provided for by this act,* a bond in the penalty of at least one hundred dollars, with such sureties and upon such condition, as is required in section 29 of said article."

The bond, therefore, required by the 29th section of the revised statutes, is not only recognized by the general provisions of the 43d section of the act to abolish imprisonment for debt, but is expressly adopted by the 35th section above mentioned. Such a bond was executed by the defendant to the plaintiff upon obtaining the attachment against the latter, in the suit stated in the pleadings. I think the justice was right in exacting it, and that it is a valid security in the hands of the plaintiff.

In *Clark* v. *Luce,* (15 *Wend.* 480,) it was held that no affidavit was necessary to authorize an attachment under the 33d section above mentioned. I fully agree with the learned judge who delivered the opinion in *Taylor* v. *Heath,* (4 *Denio,* 592,) that the decision in *Clark* v. *Luce,* is in conflict with the express provisions of the 43d section of the act to abolish imprisonment, and if sustained, would be a judicial repeal of this [256] section : as that decision has been successfully impeached in

the court in which it was pronounced, it can not be considered as authority here.

The judgment of the supreme court should be reversed, and judgment for the plaintiff on the demurrer.

BRONSON, Ch. J. The supreme court decided long ago, that neither affidavit nor bond was necessary on issuing an attachment against a non-resident debtor, under the 33d section of the non-imprisonment law, (*Clark* v. *Luce*, 15 *Wend.* 479 ; *Bates* v. *Relyea*, 23 *id.* 336,) and although there is room for question whether the proper construction was given to the statute, (*Taylor* v. *Heath*, 4 *Denio*, 592,) still, as it is not a palpable case of error, and the decisions in question have been acted on for many years, I think they should now be followed. A great number of attachments have undoubtedly been issued against non-residents within the last fifteen years, without either affidavit or bond ; and if we now hold that both or either were necessary, the proceedings in those cases will all be void, (*Vosburgh* v. *Welch*, 11 *John.* 175 ; *Adkins* v. *Brewer*, 3 *Cowen*, 206 ; *Loder* v. *Phelps*, 13 *Wend.* 46 ; *Gold* v. *Bissell*, 1 *id.* 210,) and the door will be opened for a flood of litigation. I am, therefore, for affirming the decision, and JEWETT, J. is of the same opinion.

Judgment reversed, and judgment for plaintiffs on demurrer.