## CLUTE *vs.* FITCH and GRISWOLD.

None but creditors of, and subsequent purchasers from, a vendor of chattels, are at liberty to allege fraud in a sale thereof made by him, which is valid as between the parties thereto.

A party cannot avail himself of the privilege of a creditor in order to charge fraud upon others, in the sale and purchase of property, by merely claiming to hold that relation, without proving the fact, by legitimate evidence.

His own *ex parte* affidavit, made on an application for an attachment against the vendor, cannot be received as evidence to establish the fact of his being a creditor.

Clute *v.* Fitch.

In a suit by a person claiming under the attachment, against one claiming to hold the property by virtue of a purchase thereof from the former owner, such affidavit cannot be used as evidence, excepting to show that the attachment was regularly issued.

Where a sleigh was sold in June or July, it being then several miles distant from the place of sale, and, owing to the difficulty of removing it at that season of the year, it was agreed between the parties that it might remain where it was, in the vendor's barn, until the ensuing winter; *Held* that the omission by the purchaser, to take possession of the property, at the time, was sufficiently accounted for.

APPEAL from a judgment of the Cayuga county court, affirming a judgment of a justice of the peace. The facts are sufficiently stated in the opinion of the court.

*J. R. Cox,* for the appellants.

*S. Giles,* for the respondent.

*By the Court,* WELLES, J. The action before the justice was brought against the defendants for taking a two horse pleasure sleigh, which the plaintiff, being a constable of the county of Cayuga, had seized and levied upon by virtue of an attachment duly issued in favor of Richard McNeil against Theodore R. Timby, under § 33 of the act to abolish imprisonment for debt and to punish fraudulent debtors. (*Sess. Laws of* 1831, *ch.* 300. 2 *R. S. 4th ed.* 460, § 210.) The plaintiff, on the trial, proved the attachment and the preliminary proceedings upon which it was issued, all which appear to have been regular. The attachment was issued and delivered to the plaintiff, to be executed, January 17, 1856, and on the same day the plaintiff attached the sleigh in question and other property, as the property of Timby. The sleigh was attached by the plaintiff in Timby's barn in the town of Meridian in the county of Cayuga, where he, Timby, had formerly resided. But he had removed from there to Syracuse, in Onondaga county, in the fall of 1855; where he resided at the time the attachment was issued. The taking of the sleigh by the defendants, on the 22d day of January, 1856, was admitted. The

plaintiff then gave evidence of the value of the sleigh, and rested. There was no evidence tending to show that McNeil was a creditor of Timby, except that in the affidavit of McNeil, made when he applied for the attachment, he states that Timby was justly indebted to him on a demand arising on contract, in the sum of $100, above all discounts, &c. It did not appear that any judgment had been entered in the attachment suit against Timby.

The defendants proved that in June or July, 1855, they purchased the sleigh in question, of Timby. At the time of the purchase, the defendants lived in the city of Auburn, and Timby in the town of Meridian, about eighteen miles from Auburn. At the same time, the sleigh was in Timby's barn at Meridian. The way the sleigh was purchased was as follows: The defendants had a judgment against Timby for about $200, upon which an execution had been issued, which was in the hands of the sheriff of Cayuga county, by virtue of which execution the sheriff had levied on the sleigh and other property; Timby sold the sleigh to the defendants at a price agreed upon, (between sixty and seventy dollars,) which was paid by the defendants' assuming and paying for Timby, some $12 or $14, and applying $50 on the judgment in favor of the defendants against Timby. As a part of the same transaction, the defendants satisfied their judgment against Timby, and took his note on time for the balance of it, after deducting the $50. After these arrangements were all completed the question arose how the defendants should get the sleigh from Meridian to Auburn. Griswold, one of the defendants, spoke of sending for it; said it was difficult to send for it then, and if it would be safe where it was—in Timby's barn—he would like to let it remain there till winter. Timby said the sleigh would be safe where it was, and he could let it remain there till winter; and Griswold agreed to send for it the first sleighing. The foregoing is the substance of the whole case, as it appeared before the justice. There was no conflict in the evidence, and nothing to controvert any of the foregoing facts. The justice rendered judgment in

Clute *v.* Fitch.

favor of the plaintiff against the defendants, for $90 and costs. The county court affirmed the judgment of the justice.

The plaintiff's counsel contends that, as possession of the sleigh did not pass from Timby to the defendants, at the time of the sale, but remained unchanged until after the attachment was levied, the sale must be presumed fraudulent and void.

On the part of the defendants it is insisted that in order to entitle the plaintiff to claim the application of the rule contended for by the plaintiff, he is bound to show himself a creditor of Timby; and that here neither the plaintiff nor McNeil is shown to be such creditor. It is also contended in behalf of the defendants, that the facts established present a full and reasonable explanation of the defendants' omission to take the sleigh into their actual possession at the time they purchased it, and show why it was allowed to remain where it then was until the following winter.

It cannot be doubted that the defendants proved a good title in themselves to the sleigh in question, as against Timby, their vendor. The sale by him to them was consummated some six months before the attachment was levied by the plaintiff. The delivery of the sleigh was abundantly sufficient as against the vendor. After the sale, he became the defendants' depositary of the sleigh, and it remained in his barn, with his consent, until they took it away and reduced it to their actual possession. Under such circumstances, none but creditors and subsequent purchasers of Timby are at liberty to allege fraud in the sale by the latter to the defendants. (2 *R. S.* 136, § 5 ; 4*th ed. vol.* 2, 317.) Neither the plaintiff nor McNeil was a creditor or a purchaser. If McNeil had been a creditor of Timby, the plaintiff who represented him in this action, would have been in a position to attack the sale to the defendants as being fraudulent in respect to the creditors of Timby. If McNeil was not such creditor, he had nothing to do with the question of fraud in the sale to the defendants, provided it was valid as betweeen them and Timby. (*Van Etten* v. *Hurst and Cushing*, 6 *Hill*, 311. *Damon* v. *Bryant*, 2 *Pick.* 411.) There was no legitimate evidence that McNeil was a creditor of Timby.

The affidavit made by him when he applied for the attachment could not be used as evidence of any fact, on the trial between these parties, except simply for the purpose of giving the justice jurisdiction to issue the attachment. It was entirely *ex parte*, and there is no principle upon which it could be used as evidence upon the issues, excepting to show that the attachment was regularly issued. It was for a considerable time held in this court that no affidavit was necessary for that purpose, where the attachment was issued under the 33d section of the act to abolish imprisonment for debt, &c. (*Clark* v. *Luce*, 15 Wend. 479. *Bates* v. *Relyea*, 23 *id.* 336. *Van Etten* v. *Hurst, supra.*) It is now, however, settled otherwise. (*Taylor* v. *Heath*, 4 *Denio*, 592. *Bennett* v. *Brown*, 4 *Comst.* 254.) But it never has been held, and I apprehend never will be, by any respectable court, that a party can avail himself of the privilege of a creditor in order to charge fraud upon others, by merely claiming to hold that relation, without proving the fact by legitimate evidence. There was no difficulty, in the nature of the case, in making the proof on the trial, if the fact existed. To admit his own *ex parte* affidavit, made on another occasion, for another purpose, and in a proceeding where these defendants were not parties, and not necessarily interested, to prove a fact so vital upon the trial of the issues between the present parties, would be to subvert one of the plainest principles of evidence.

We are also of the opinion that if it was incumbent upon the defendants to account for or explain the fact that the sleigh remained in Timby's barn after the sale as above stated, they have done so in a manner which should be regarded as satisfactory. The sale was made in July or August, a season of the year when no use could be made of the sleigh. It does not appear that Timby ever claimed or used it afterwards, or exercised any acts of ownership over it. The fair presumption is that when he moved to Syracuse in the following fall, he left it in his barn where it was when he sold it to the defendants, and that it remained there until the following January, the usual season for sleighing, when the defendants brought it away. It

was found in the same barn where the plaintiff attached it, within a week before it was attached. The transaction was natural and reasonable, and perfectly consistent with honesty and good faith.

For the foregoing reasons we think the judgment of the county court and that of the justice should be reversed.

[MONROE GENERAL TERM, September 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]