# SUPREME COURT.

LEAVITT D. GARRISON & ALLIS W. OGDEN, respondents, agt.
A. W. MARSHALL, appellant.

A justice of the peace has no jurisdiction to issue an *attachment* under the Revised
Statues (2 *R. S.*, 230, § 26) upon affidavits and papers, unless *"it shall satisfactorily
appear to the justice that such debtor has departed or is about to depart from the
county where he last resided,* with intent to defraud his creditors, or to avoid the
service of any civil process, or that such debtor keeps himself concealed with the
like intent:"

Or if the application is intended to be made under § 34 of the *non-imprisonment act
of* 1831, "it must satisfactorily appear before the justice that the defendant is
about to remove *from the county* any of his property with intent to defraud his
creditors, or has assigned, disposed of, secreted, or *is* about to assign, dispose of, or
secrete any of his property with the like intent, whether such defendant be a re-
sident of the state or not."

In this case, the application for the attachment was made upon the grounds that
"the said George Woodruff has departed, and is about to remove his property
from the said county of Cayuga with the intent to defraud his creditors."

*Held*, that the portion of the application stating that the defendant in the attachment
had departed, &c., would bring the case under § 26 of the Revised Statutes; while
the latter clause presents a case under § 34 of the non-imprisonment act.

As the application for the attachment was partially made under § 26, it should have
been made to appear by the affidavits that the defendant had departed "from
the county where he last resided." So also, as it sought to make out a case
within the provision of § 34 of the non-imprisonment act, the papers should have
shown either that the defendant was a resident of the state, or a non-resident.

These facts were essential to give the justice jurisdiction to issue the attachment,
and without one or the other of them, no case was made out within either section
of the several statutes quoted.

*Binghamton, General Term, September,* 1871.

MILLER, P. J., PARKER and JAMES, JJ.

THE action is against the defendant, as a constable, for an
alleged neglect to serve an attachment issued by a justice,
against the property of one George C. Woodruff, a debtor to
the plaintiffs, and was tried before a justice of the peace, of
Cortland County.

The evidence tended to show that the attachment was delivered to the defendant about the sixth of October, 1869, and that it was not returned to the justice; and the reason alleged why it was not served or returned, is, that it was issued without authority, and therefore void.

It was received in evidence under objection, and at the close of the plaintiff's testimony a motion was made for a nonsuit, which was again renewed after all the evidence was in, upon the ground that the plaintiff had failed to make out a cause of action, and that there was no legal evidence showing any authority to issue the attachment, which motion was denied by the justice.

The application for the attachment was based upon two distinct grounds. One for an alleged departure with intent to defraud creditors, under the Revised Statutes, and another for an alleged design on the part of the debtor to remove his property with like intent, under the non-imprisonment act of 1831. The affidavits were as follows, see Exhibits C, D, E, F, on page 20, 21, 22, 23. The bond given on the application was executed by one person only, and in the penalty of only $100.

A judgment was rendered against the constable before the justice for the demand, and on appeal was affirmed in the county court.

The defendant appealed to the general term of the supreme court. The case was submitted on printed points.

W. H. WARREN and H. BALLARD, *for appellant and defendant.*

DUELL & FOSTER, *for respondents and plaintiffs.*

*By the court,* MILLER, *P. J.*—This action is brought against the defendant, as a constable, for neglecting to levy upon personal property, by virtue of an attachment against one Woodruff.

The defense interposed is, that the attachment was issued without authority, and was, therefore, void and of no effect.

It is urged that the justice did not acquire jurisdiction to issue the attachment, because it nowhere appears either in the application, or in the affidavits, in what county the debtor resided, nor is there any allegation that he has departed, or is about to depart, from the county "where he last resided," as provided by the statute (2 *R. S.*, 230, § 26), provided that an attachment against the property of any debtor may be issued "whenever it shall satisfactorily appear to the justice that such debtor has departed, or is about to depart from the *county where he last resided*, with intent to defraud his creditors, or to avoid the service of any civil process; or that such debtor keeps himself concealed with the like intent." Additional cases were provided for by the non-imprisonment act, and it was enacted that actions might also be commenced by attachment, "when it shall satisfactorily be made to appear, that the defendant is about to remove *from the county* any of his property with intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to assign, dispose of, or secrete any of his property with the like intent, whether such defendant be a resident of this state or not" (*S. L. of* 1831, *chap.* 300, § 34, *as amended by S. L. of* 1842, *ch.* 107; 3 *R. S.*, 5 *ed.*, 462, 463, § 216).

The application for the attachment, as appears from the affidavit of the plaintiff's agent, was upon the grounds, that "the said George Woodruff has departed, and is about to remove his property from the said county of Cayuga, with the intent to defraud his creditors."

The portion of the application stating that the defendant in the attachment had departed, &c., would bring the case under sec. 26 of the Revised Statutes; while the latter clause presents a case under sec. 34 of the non-imprisonment act.

As the last section makes provision for other cases besides what had previously been provided for, sec. 26 remains in

force, subject to the changes made in favor of additional cases by sec. 34.

As the application for the attachment was partially under sec. 26, it should have been made to appear by the affidavits, that the defendant had departed "from the county where he last resided."

So also, as it sought to make out a case within the provision of sec. 34 of the non-imprisonment act above cited, the papers should have shown either that the defendant was a resident of the state, or a non-resident.

These facts were essential to give the justice jurisdiction to issue the attachment, and without one or the other of them, no case was made out within either section of the several statutes quoted.

It is nowhere stated in what county the defendant last resided, so as to make out a case within sec. 26.

This is absolutely essential (*Tucker* agt. *Malloy*, 48 *Barb.*, 88, 89), nor is it shown whether he was a resident or non-resident, so as to answer the requirements of section 34.

When the application is made for an attachment against a non-resident, the party applying must make an affidavit of the fact of non-residence, and when no such affidavit is furnished, the judgment will be reversed (*Taylor* agt. *Heath*, 4 *Denio*, 592).

The affidavits utterly fail to comply with either of the statutes in question. The agent of the plaintiff swears that the defendant "had departed, or is about to remove his property from the said county of Cayuga," without previously stating that he lived there, or where he did reside, or whether he was temporarily there, or passing through Cayuga County, or that he was a non-resident.

The naming of the county is a mere reference to the county in which the affidavit is entitled, which is given at its commencement. Although the affidavits are entitled : " Cayuga County, town of Locke," they do not show in any way

Garrison agt. Marshall.

where the property was, in what town or county, from whence it was to be removed.

There is nothing in fact in either of the affidavits to show or to indicate that the property of the defendant, which it was alleged he was about to remove, may not have been in some other county or even some other state, where they could not be reached by any attachment issued by a justice of the peace of Cayuga County.

The affidavits showing conversations with the defendant's wife, and the packing up of the goods, do not state where the conversations took place, or where the goods were packed up to be removed. There is nothing, therefore, in the papers, from which it may fairly be inferred where the defendant in the attachment resided, or whether he was a resident or non-resident of the state.

There is no rule better settled in this state than that on proceedings of this character, the statute must be substantially complied with in order to confer jurisdiction.

It is unnecessary to cite authorities in support of a proposition so plain and so well understood. It is evident that the defects referred to, were of a jurisdictional character which rendered the attachment void, and that the justice acted without authority in granting it. The defendant, therefore, was not bound to serve it, and was not liable for a neglect to do so.

Several other objections are urged to the proceedings, but inasmuch as the error adverted to is fatal to the judgment, it is not important to discuss them. For this error the judgment of the justice and the county court must be reversed with the cost of appeal.

PARKER and JAMES, *JJ.*, concurred in the result.