John G. Haviland et al., Appellants, *v.* Louisa D. Wehle, Respondent.

An action in Justices' Court, or in the Marine Court of the city of New York, cannot be commenced by short attachment against a resident of the county.

This process is only proper in the cases specified in section 33 of the act to abolish imprisonment for debt, etc. (chap. 300, Laws of 1831), *i. e.*, where the defendant is a non-resident of the county, and where, by the provision of section 30 of said act, no warrant can issue against him.

In all other cases where an attachment is proper, a long attachment must be used.

(Submitted October 1, 1874; decided January term, 1875.)

Appeal from judgment of the General Term of the Court of Common Pleas of the city and county of New York, affirming a judgment of the General Term of the Marine Court of the city of New York, which affirmed a judgment of said Marine Court in favor of the defendant.

The plaintiff, in 1869, commenced a suit in the Marine Court against defendant by short attachment, based on affidavits showing the facts required by sections 34 and 35 of the act of April 26, 1831, commonly called the Stillwell act. (Chap. 300, Laws of 1831.) The defendant was a resident of the city of New York. On the return day of the attachment defendant's counsel moved that the attachment be vacated on the ground that a short attachment against defendant, a resident, was improper. The motion was granted, and judgment entered against the plaintiffs.

*Stephen W. Fullerton* for the appellants.

*Charles Wehle* for the respondent. The Marine Court and Justices' Courts have no authority to issue short attachments against resident defendants. (1 R. L., 1813, 368; 2 R. S. [Edm. ed.], 246; Laws 1824, 277; *Davidson* v. *Hutchins,* 1 Hilt., 123; *Sporry* v. *Mayor,* 1 E. D. S., 361; *Waters* v. *Whitmore,* 13 Barb., 634; *Smith* v. *Weed,* 20 Wend., 184; *Webber* v. *Gay,* 24 id., 485.)

EARL, C. The only question for our consideration is, whether the action in the Marine Court was properly commenced by short attachment. At the time of the adoption of the Revised Statutes there was no such process as a short attachment; all attachments authorized to be issued by Justices' Courts were long attachments; returnable in not less than six nor more than twelve days. (Laws of 1824, chap. 238.) The ground upon which an attachment could issue under that chapter was, that the defendant had departed, or was about to depart, from the county, or was concealed within the same with intent to defraud any of his creditors or to avoid being personally served with process. Chapter 2 of the third part of the Revised Statutes was passed December 10, 1828, to take effect January 1, 1830. Article 2 of title 4 of that chapter relates to the commencement of suits and process in Justices' Courts, and section 26 authorizes an attachment against

the property of any debtor, upon the application of a creditor, for the same causes mentioned in the act of 1824. It will be observed that the cause for issuing attachments has sole relation to the conduct of the debtor in removing from the county or concealing himself. The attachment thus authorized is a long attachment (§.30), and is required to be executed at lea t six days before the return day. (§ 31.) Thus the law remained until chapter 300 of the Laws of 1831, "An act to abolish imprisonment for debt and to punish fraudulent debtors," was passed, April twenty-six of that year, to take effect March 1, 1832. That act provides, in sections 30 and 31, that no warrant shall be issued by justices of the peace in certain cases, and then section 33 provides as follows : " Whenever, by the provisions of the thirtieth section of this act, no warrant can issue, and the defendant shall reside out of the county, he shall be proceeded against by summons or attachment, returnable not less than two nor more than four days from the date thereof, which shall be served at least two days before the time of appearance," etc. This was the first and only provision for a short attachment. It could issue only against a non-resident, and then only in a case where, by the thirtieth section, no warrant could be issued. To authorize an attachment under this section, it has been held to be necessary only to show the non-residence of the defendant, and that no warrant could be issued against him. (Cowen's Tr. [2d ed.] 491; *Clark* v. *Luce*, 15 Wend., 479; *Taylor* v. *Heath*, 4 Denio, 592; *Von Kirk* v. *Wilds*, 11 Barb., 520.) Section 34 provides that "in addition to the cases in which suits may now be commenced before justices of the peace by attachment, any suit for the recovery of any debt or damages arising upon any contract, etc., may be so commenced whenever it shall satisfactorily appear to such justice that the defendant is about to remove from the county any of his property, with intent to defraud his creditors, or has assigned, disposed of, secreted or is about to assign, dispose of or secrete any of his property, with a like intent, whether such defendant be a resident of the State or not." The causes for issuing attachments under this

section relate solely to the disposition of the debtor's property, and these were in addition to the causes for which attachments could be issued by justices of the peace under the Revised Statutes, which relate only to the person of the debtor. A short attachment is proper only in the case mentioned in section 33. It is not expressly or by implication authorized in any other case. It is not authorized against every non-resident defendant, but only in case of a non-resident defendant against whom a warrant could not be issued. A short attachment doubtless had a double purpose, one to give the creditor a speedy remedy, and the other to give the non-resident debtor a speedy trial, and as this purpose was perfectly accomplished in all cases where a warrant could issue, in such cases a short attachment was not authorized. A warrant could be issued in some cases where the cause of action was upon contract, express or implied, and the cases are mentioned in section 30. In such cases a short attachment would be unauthorized against a non-resident, and a long attachment could be properly issued against a non-resident as well as a resident defendant. We have, then, three general grounds upon which attachments may be issued. 1. Under section 33, against a non-resident debtor upon the ground that no warrant can issue, and this will include nearly but not quite all cases arising upon contract, express or implied. 2. Under section 34, for cause relating to the disposition of the debtor's property. 3. Under the Revised Statutes, for cause relating to the person of the debtor. Whenever, under any of the statutes, the case is such that a warrant could not be issued, and the debtor is a non-resident of the county, a short attachment is to be used. Section 33 contains a general provision applicable to all cases coming within its terms. In all other cases, whether the attachment be based upon section 34 or the Revised Statutes, a long attachment is to be used. This is made clear by section 43 of the law of 1831, which provides that all the provisions of said title 4 of the Revised Statutes "not hereby expressly repealed, and not inconsistent with the provisions of this act, are hereby declared to be in full force,

and to apply to the provisions of this act so far as the same relate to proceedings in court before justices of the peace." By virtue of this section the long attachment, authorized by the Revised Statutes, remains proper in all cases except those in which the short attachment is substituted for it by said section 33.

The result of this construction is, that a short attachment is never authorized against a resident debtor, and as the provisions of the act of 1831, so far as their construction is involved in this case, are made applicable to the Marine Court by section 47, it follows that no error was committed in that court, and the judgment appealed from must be affirmed, with costs, and a like judgment ordered in each of the other twelve cases mentioned in the stipulation found in the case.

All concur.

Judgment affirmed.