ALBANY,
April, 1833.

Bohanan
v.
Peterson.

---

### ANON.

A *mandamus* will not be granted commanding a justice to proceed in a suit before him in which he had given judgment of *nonsuit*, which subsequently was reversed in the common pleas.

A MOTION was made for a *mandamus* commanding a justice of the peace to proceed and try a cause in which he had granted judgment of *nonsuit* against the plaintiff, who had sued out a *certiorari* and reversed such judgment of the justice.

April 18.

---

### BOHANAN *vs.* PETERSON.

An *attorney* is not liable to imprisonment in an *action* for monies collected ; if the plaintiff seeks to imprison him, he must proceed by *attachment* as for contempt.

THE plaintiff, with the view of depriving the defendant of exemption from imprisonment under the act abolishing imprisonment for debt, asked leave to enter a suggestion on the record, that the action in this case was brought for monies collected by the defendant as an attorney of this court. The

April 18.

ALBANY,
April 1833.

Bohanan
v.
Peterson.

defendant admitted that the monies for the recovery of which the action was brought, were collected by him as the attorney of the plaintiff, but that after such collection he with the consent of the plaintiff, appropriated the monies to his own use, and the plaintiff accepted his note for the amount, on which note the action was brought.

*By the Court,* SUTHERLAND, J. By the arrangement subsequent to the collection of the monies, the relation of attorney and client ceased, and that of debtor and creditor was created. But if not so, I am of opinion that the defendant cannot be subjected to imprisonment. The second section of the act abolishing imprisonment for debt, *Laws of* 1831, *page 396,* under which this application is made, declares that the exemption granted by the first section shall not extend to actions for monies collected by any public officer, or for any misconduct or neglect in office, or in any professional employment; thus studiously making a distinction between public officers who have collected monies, such as sheriffs and officers of that character, and persons who are liable to be proceeded against for misconduct or neglect in office, or in a professional employment. The defendant comes within the latter description, and cannot be considered a public officer, who has collected money, and the action here is not for misconduct in his profession. Besides, if the defendant was liable to be proceeded against as an attorney who had collected and improperly retained the money of his client, the plaintiff might have proceeded against him by attachment as for a contempt; not having chosen to do so, but preferring to bring his action, he is not entitled to make the suggestion prayed for in this case.

Motion denied.