ALBANY,
October, 1835.

SMITH vs. LUCE.

In a proceeding by *attachment*, under the act to abolish imprisonment and to punish fraudulent debtors, the plaintiff must state in his affidavit the origin of his demand, that is, whether founded *upon contract* or *upon judgment;* and must also state *the facts and circumstances* upon which the application is made, as that the defendant had declared his intention to remove his property, &c. or had assigned it without consideration, or secreted it, or any other circumstance indicating fraud; the *mere belief* of the plaintiff is not sufficient.

Where a *certiorari* issues to a justice direct from this court, the plaintiff, although successful, does not recover costs.

ERROR by *certiorari* from this court to a justice of the peace. Luce commenced a suit by *attachment*, under the " act to abolish imprisonment for debt and to punish fraudulent debtors." *Session Laws*, 1831, *p.* 404, § 34, 35. The attachment was served. On the day to which the trial of the cause was adjourned, the defendant appeared and objected to further proceedings, on the ground of the insufficiency of the plaintiff's affidavit, which it was alleged was made in reference to the act to *abolish imprisonment*, &c., and the attachment was issued under the old law. The objections were overruled, and the justice proceeded to hear the proofs of the plaintiff, and rendered judgment against the defendant for $30,82 damages, and costs of suit. The substance of the affidavit is set forth in the opinion delivered by the chief justice. The defendant sued out a *certiorari* from this court.

*O. Robinson*, for plaintiff in error.

*A. P. Grant*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. The only question in this case is, whether the affidavit was sufficient to authorize the issuing an attachment.

It is admitted that the proceeding was under the act of 1831. *Session Laws, p.* 404, § 34, 35. By the 34th section of that act, it is enacted that suits may be commenced before

justices, by attachment, *upon contract, express or implied, or* or *upon any judgment* for $50 or less, " whenever it shall satisfactorily appear to such justice that the defendant is about to remove from the county any of his property, with intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to assign, dispose of or secrete any of his property with like intent, whether such defendant be a resident of this state or not." The 35th §. declares, that before an attachment shall issue in such case, or in cases provided for in the revised statutes, 2 *R. S.* 230, " the plaintiff shall, by his own affidavit, or that of some other person or persons, prove to the satisfaction of the justice the *facts and circumstances* to entitle him to the same, and that he has such a claim as is specified in the last preceding section against the defendant, over and above all discounts which the defendant may have against him, specifying as near as may be the amount of such claim or the balance thereof." The affidavit upon which the attachment in this case issued stated that the defendant was indebted to the plaintiff in the sum, as near as the deponent could estimate the same, of $30,45, over and above all discounts, and that deponent believed " that said J. S. is about to remove or has removed from said county his property, with intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to assign, dispose of or secrete his property with the like intent."

By the 35th section, the plaintiff was bound to prove to the satisfaction of the justice, *the facts and circumstances* which entitled him to the attachment. Those facts and circumstances are, 1. That the plaintiff has such demand as the statute describes; and 2. That the defendant is about to remove his property, or has assigned, disposed of or secreted it, or is about to do so, with intent to defraud his creditors. The affidavit is defective as to the origin of the demand ; it should state that it was *upon contract or upon judgment.* It is also defective in *omitting to state the facts and circumstances* from which the plaintiff draws the conclusion that the defendant is about to do the acts which he specifies. The plaintiff's *own belief* is neither a fact nor circumstance upon which the justice can exercise his judgment. It is not sufficient that the plaintiff is satisfied

of the unlawful acts or intentions of the defendant. The justice must be satisfied, and he must be so satisfied from proof of facts and circumstances; not the belief of any one. Facts must be shown to the justice which shall leave no reasonable doubt on his mind that the defendant has committed, or is about to commit the fraudulent acts mentioned in the statute: for instance, had the affidavit stated positively that the defendant had declared his intention to remove his property to avoid the payment of his debts; or that he had assigned or secreted his property, being indebted at the time, and setting forth the circumstances, such as want of consideration for an assignment, or any other circumstance which usually indicates fraud: such an affidavit would be proof upon which the justice could act judicially, and draw his own conclusion whether the defendant had done the acts, or was about to do them, which would authorize the issuing an attachment. It is argued that it is enough if the justice is satisfied. I answer he must be satisfied judicially, and has no right to be satisfied, unless upon legal proof; proof of facts and circumstances, not belief alone. The judgment must be reversed; but as this is a *certiorari* direct from this court to the justice, there are no costs.