## Stage vs. Stevens.*

An attorney prosecuted in *assumpsit* for not paying over money collected for his client is liable to imprisonment—such suit being an action *for misconduct in a professional employment*, within the exception in the second section of · the act to abolish imprisonment for debt, and consequently the defendant may be held to bail on the *capias* in such action.

The *dictum* to the contrary in *Bohanan v. Peterson*, (9 *Wend.* 503,) overruled.

The defendant, an attorney of this court, was held to bail by an order of a supreme court commissioner, in an action of assumpsit, for money collected and received by him for the plaintiff as such attorney. On a subsequent day the order was vacated by the commissioner, and the defendant was directed to be discharged on filing common bail ; from which order an appeal was taken to this court.

*Taber*, for the plaintiff.

*Hammond*, for the defendant.

*By the Court*, Beardsley, J. It was urged that since the passage of the act to abolish imprisonment for debt, passed in 1831, an attorney cannot be held to bail in an action for the recovery of money collected by him ; and on this principle, it is understood, the order to hold to bail was vacated. In this I think the commissioner erred. The first section of the act (*Laws* 1831, *p.* 396) provides, that " no person shall be arrested or imprisoned," in any suit or proceeding for the recovery of money due upon contract, and in its general terms would therefore embrace this case. But the next section declares that said exemption " shall not extend to " actions for any misconduct or neglect " in any professional employment." The present case

---

* This case and those arising upon special motions, which immediately follow were argued at a former special term and decided at this term.

is of that character: the money was collected by the defendant in the course of professional duty, and his omission to pay the same over to his · client was professional misconduct and neglect. He was bound to pay over the money as a professional duty imposed upon him, and which the court might enforce by attachment. The case in question was a proper one for holding the defendant to bail, and the order for his discharge must be vacated.

What was said in *Bohanan* v. *Peterson*, (9 *Wend.* 503,) was not called for by that case, and we think cannot be regarded as the true meaning of the statute.

The order for the discharge of the defendant must be vacated, with costs to be paid by him,

Ordered accordingly.