VAN KIRK *vs.* WILDS.

Upon an application to a justice of the peace, for an *attachment* against the defendant, there must be an affidavit, proving the grounds on which the application is founded, in all cases, not excepting that of a non-resident.

If an affidavit states that the plaintiff has a debt against the defendant, to a specified amount, arising upon contract, and that the defendant is a non-resident of the county, it is enough to warrant the justice in issuing an attachment.

Where a constable returns, upon an attachment, that he has delivered to each of the defendants, personally, a copy of the attachment and inventory, this is *prima facie* sufficient, although he does not state that the copies served were *certified* by him.

Some things may be presumed, in favor of a proper discharge of duty by a public officer. When he returns that he has made personal service of process he is not required to state what in particular he did, to constitute such service. It will be presumed that he did all that the law requires.

In such cases it must be made affirmatively to appear that the requirements of law have not been complied with, before advantage can be taken of a defect in the mode of service.

When an officer on being sued for taking property, by virtue of an attachment, alledges and seeks to prove that an alledged transfer of the property to the plaintiff by the defendants in the attachment suit was fraudulent as against creditors, he will be permitted—for the purpose of giving character to the transaction, and enabling the jury to determine as to the motives which actuated the parties—to prove other transactions in which the parties were engaged about the same time.

A general exception to the charge of a judge is of no avail, unless the entire charge is erroneous.

Form and validity of attachments issued by justices of the peace.

MOTION for new trial. The action was trespass, for taking &c. four mules and the harness for the same, one wagon, four halters,

Van Kirk *v.* Wilds.

one pair of bark sleds, two bags and six bushels of feed. It was tried before Mr. Justice Watson, at the Ulster circuit, in December, 1848. Upon the trial, the plaintiff proved that the defendant, who was a constable of the town of Wawarsing, took the property on the 11th of February, 1848, out of the possession of his agent, and afterwards sold it. The defendant, to justify the taking, offered in evidence three attachments with his returns indorsed thereon, of which attachments and returns the following are copies: "Town of Wawarsing, Ulster county, ss. To any constable of said county, greeting. Whereas William Cortelyou has applied for an attachment against the property of Richard C. and Job Van Kirk, *against whom he has a claim for one hundred dollars,* and produced satisfactory proof that the said Richard C. and Job Van Kirk *are making disposition of the property with intent to defraud their creditors,* therefore the people of the state of New-York command you to attach so much of the goods and chattels of the said Richard C. and Job Van Kirk as will be sufficient to satisfy the said claim, and safely to keep the same to satisfy any judgment that may be rendered on this attachment, and that you make return of your proceedings thereon to me on the 14th day of February instant, at nine o'clock in the forenoon, at my office in Ellenville, in the said town. Dated February 11, 1848. Charles Hartshorn, justice of the peace." (Indorsed) "By virtue of the within attachment I did, on the 11th day of February, 1848, at 10 o'clock in the forenoon, attach the following property and serve personally, viz. on four mules and four halters, and gave each of the within named defendants a copy of the within, and an inventory of the property attached indorsed thereon. Fees $1,50. S. Wilds, const."

"Town of Wawarsing, Ulster county, ss. To any constable of said county, greeting. Whereas Robert H. McCartee by agent has applied for an attachment against the property of Richard C. and Job Van Kirk, *against whom he has a claim for about forty dollars,* and produced satisfactory proof that the said Richard C. and Job Van Kirk, as also the said plaintiff, *are non-residents of Ulster county, with intent to defraud*

*his creditors*, therefore," &c. The residue of the attachment and the return thereon were the same as the first mentioned.

" Town of Wawarsing, Ulster county, ss. To any constable of said county, greeting. Whereas Andrew Shiner has applied for an attachment against the property of Richard C. and Job Van Kirk, against whom he has a claim for twenty-one dollars and thirty cents, and produced satisfactory proof that the said Richard C. and Job Van Kirk have *run away from New-Jersey with property with them with intent to defraud his creditors*, therefore," &c. The residue of the attachment and the return thereon were the same as the first mentioned.

To support the attachment in favor of *Cortelyou*, the defendant gave in evidence an application signed by him as follows : " To Charles Hartshorn, one of the justices of the peace of the town of Wawarsing in the county of Ulster. I, William Cortelyou, hereby make application to you, according to the provisions of article second, title fourth, chapter second, part third, of the revised statutes, to issue an attachment in my favor against the property of Richard C. and Job Van Kirk, *non-residents.* Dated February 11, 1848."

Also an affidavit as follows : " Ulster county, ss. William Cortelyou being duly sworn, says, that Richard C. and Job Van Kirk are justly indebted to him, in a demand arising upon contract, in the sum of one hundred dollars, over and above all discounts which the said Richard C. and Job Van Kirk have against him, and that the application for an attachment against the property of the said —— which accompanies this affidavit, is made on the ground that William Cortelyou, *as also the said Richard C. and Job Van Kirk are non-residents of Ulster county,* and that the said Richard C. and Job Van Kirk have escaped from New-Jersey, and are now said to be in this county, and have, as above stated, left New-Jersey with intent to defraud creditors." Signed, W. Cortelyou. Subscribed and sworn before me this 11th day of February, 1848. Ch. Hartshorn, J. P.

The application was also accompanied by a bond, to the form or sufficiency of which no objection was made.

Van Kirk v. Wilds.

The application for an attachment, and the affidavit and bond in each of the other cases, were substantially the same as in the case of Cortelyou.

The counsel for the plaintiff objected to the attachments, on the ground that the affidavits and papers on which they were issued were insufficient. The court decided that no affidavits were necessary, as the parties were non-residents of the state. The counsel for the plaintiff also objected to the attachments, 1. That, on their face, they did not purport to have been issued by virtue of the non-imprisonment act authorizing the issuing of short attachments against non-resident defendants without affidavit; that they were not in conformity to the requirements of that act, and were not sufficient on their face to protect the officer. 2. That they did not purport to be issued on a demand arising upon *contract*. 3. That the return of the officer did not show that the constable served a copy of the attachment and inventory of the property attached, *certified by him*. All these objections were overruled, and the counsel for the plaintiff excepted.

The defendant then offered to show that after the property had been seized by virtue of the attachment, and on the same day, a judgment had been entered by confession against Job Van Kirk, in favor of Peter Van Kirk, and another against Richard C. Van Kirk in favor of William J. Prout, his brother-in-law, upon which executions were issued by consent, placed in the hands of the defendant, and by him levied upon the same property. This evidence was objected to, on the ground that executions subsequently issued could not justify the original taking. The objection was overruled, and the plaintiff's counsel excepted.

Evidence was then offered, on the one hand, to show that the sale of the property by Richard C. and Job Van Kirk to the plaintiff, was fraudulent and void as against creditors, and on the other hand, to sustain the validity of the sale. This question was submitted to the jury upon the evidence, and they found a verdict in favor of the defendant. Some other questions arising upon the trial, or discussed upon the argument, are noticed

Van Kirk *v.* Wilds.

in the opinion of the court. The plaintiff, upon a case, moved for a new trial.

*E. Cooke,* for the plaintiff.

*J. O. Linderman,* for the defendant.

*By the Court,* HARRIS, J. The attachments by virtue of which the defendant justifies the taking of the property, are sought to be sustained under the 33d section of the act to abolish imprisonment for debt, which authorizes a defendant, not liable to arrest, to be proceeded against by summons or attachment, when not a resident of the county. Previous to the decision in *Taylor* v. *Heath,* (4 *Denio,* 592,) it had been supposed that such an attachment might be issued without any affidavit. The learned judge so held, upon the trial of this cause, and his decision is sustained by authority. (*Clark* v. *Luce,* 15 *Wend.* 479. *Bates* v. *Relyea,* 23 *Id.* 336. *Van Etten* v. *Hurst,* 6 *Hill,* 311.) But in *Taylor* v. *Heath,* Mr. Justice Beardsley, after a very diligent examination of the statute, came to the conclusion that the requirement of the revised statutes, that the applicant for an attachment, or his agent, shall make an affidavit, proving the grounds on which the application is founded, is not repealed either expressly or by implication, by the act to abolish imprisonment for debt, and that before an attachment can issue, even against a non-resident, under the 33d section of the last mentioned act, an affidavit is necessary. His associates concurred with Judge Beardsley so far as to hold that before an attachment can be issued against a non-resident, the justice must have evidence that he is in fact a non-resident; so that now it may be regarded as settled, practically at least, that in all cases, not excepting that of a non-resident, there must be an affidavit.

But while the judge was wrong in holding that no affidavit was necessary, I think he did not err in receiving the evidence. The affidavits upon which the attachments were granted, as well as all the other proceedings before the justice, are exceedingly

informal; but I think they contain enough to meet the requirements of the statute. Among other things, quite unnecessary, they do state that the plaintiff in the proceeding has a debt against the defendants to a specified amount, arising upon contract, and that the defendants are non-residents of the county. This, I think, was enough to warrant the justice in issuing the attachments. These, though they omit some recitals usually found in such process, and contain others which ought not to be there, are, I think, sufficient to justify the defendant in taking the property.

Nor do I think the objection to the constable's return was well taken. The statute requires that upon the seizure of the property, the officer shall immediately make an inventory, and if he can be found in the county, serve a copy of the attachment and inventory, *certified by him*, upon the defendant personally. Here the constable returns that he delivered to each of the defendants, personally, a copy of the attachment and inventory. Such a return is, I think, *prima facie*, sufficient, without stating that the copies served were certified by the officer. Some things may be presumed in favor of a proper discharge of duty by a public officer. When he returns that he has made personal service of process, he is not required to state what particularly he did to constitute such service. It will be presumed that he did all that the law requires. If it was that he should read the process to the defendant, it may be presumed that he read it. If the law required that he should deliver a copy, it may be presumed that the copy was delivered; and when it is required that the copy delivered shall be *certified by him*, it may be presumed that it was so done. In such cases it must be made affirmatively to appear, that the requirements of law have not been complied with, before advantage can be taken of a defect in the mode of service. All that can be said in this case is, that it does not affirmatively appear whether the copy of the attachment and inventory delivered to the defendants, severally, was certified by the constable to be a copy or not. It may have been so certified, and it may not. Under these circumstances, as the copies were personally delivered, and no objection was

taken to the mode of service by the defendants, it is to be presumed that the officer served them in the manner prescribed by law.

If, as the plaintiff's counsel seems to have supposed, the evidence of the confession of the judgments by Richard C. and Job Van Kirk, on the day the attachments were issued, had been offered for the purpose of justifying the taking of the property by the defendant, I should be inclined to think the objection to the evidence well taken. But I think the evidence was admissible upon another ground. The defendant alledged, and sought to prove, that the transfer of the property in question by Richard C. and Job Van Kirk to their brother, the plaintiff, was fraudulent as against creditors. For the purpose of giving character to the transaction, and enabling the jury to determine the motives which actuated the parties, it is allowable in such cases to prove other transactions in which the parties were engaged about the same time. Thus, when the vendor of goods seeks to avoid the sale on account of the alledged fraud of the vendee, it is competent to prove other frauds practiced upon other persons by the same vendee, about the same time. For the same reason I think it was competent to prove the confession of these judgments, and also the conveyance executed by Richard C. Van Kirk to the plaintiff.

It appears by the returns of the defendant, that he only seized four mules and halters upon the attachments, and the plaintiff now claims that he was entitled to recover for the value of the residue of the property. The omission to include the wagon and harness and the bags and feed in the return, was undoubtedly a mere inadvertence—one, too, which seems to have escaped the notice of the plaintiff himself upon the trial. It is evident that the trial proceeded throughout, upon the assumption that all the property had been taken under the attachments and sold to satisfy the demands of the plaintiffs in the attachments. There can be no doubt that this was in fact the case, and it is now too late to raise the objection for the first time, that the return of the officer does not embrace all the property attached.

The only other point made by the plaintiff is, that the court

erred in charging the jury. This may be so, though I have not perceived the error, nor has the plaintiff's counsel undertaken to point it out. The plaintiff's counsel has only taken a general exception to the charge of the judge. Such an exception is of no avail, unless the entire charge is erroneous. That is not pretended in this case. I am of opinion, therefore, that the motion for a new trial should be denied.

[ALBANY GENERAL TERM, September 1, 1851. *Harris, Watson* and *Wright,* Justices.]