## STEWART vs. BROWN.

Where an application is made to a justice of the peace, for an attachment, on the ground that the defendant *has left the county* where he last resided, with intent to defraud his creditors, the plaintiff must state the grounds of the application in his own affidavit, and then he must prove *the facts and circumstances* to establish such grounds, either by his own affidavit or that of some other person or persons.

Where an attachment is issued by a justice, under the 26th and 27th sections of the second article of the title of the revised statutes relating to courts held by justices of the peace, the justice is not authorized to issue a summons, upon the return of the attachment; but must enter judgment upon the attachment.

THIS action was commenced by attachment, before a justice of the peace of the county of Fulton. On the 12th day of July, 1852, the plaintiff made an application in writing for an " attachment against the property of defendant." He accompanied his application by an affidavit, in which he stated the amount of the defendant's indebtedness, arising upon contract, to be $9,54, and that the application was made " on the ground that defendant has departed from the said county of Fulton, where he last lived, with intent to defraud his creditors, as this deponent is informed and verily believes." Garret Van Vranken, a witness produced by the plaintiff, also made an affidavit on the same day, in which he deposed as follows : " I know that John A. Brown has disposed of his property, for the purpose of defrauding his creditors. And this deponent further says that the wife of said Brown told this deponent that said Brown had disposed of his property and left said county, for the purpose of defrauding his creditors. She told him so this day."

On these papers the justice issued an attachment, returnable on the 19th day of July, then instant. On the return of the attachment he issued a summons, upon the return of which he rendered judgment for the plaintiff. The defendant appealed to the county court, and the cause was certified to this court.

*W. A. Beach,* for the appellant.

*C. S. Lester,* for the respondent.

*By the Court,* C. L. ALLEN, J.   The attachment was issued under the provisions of the 26th and 27th sections of the second article of the title of the revised statutes relating to courts held by justices of the peace, (2 *R. S.* 230; *Id. 4th ed. p.* 431, §§ 24, 25,) on the ground, as specified in the affidavit, "that the said John A. Brown has departed from the said county of Fulton, where he last lived, with intent to defraud his creditors, as deponent is informed and verily believes." This is almost within the words of the 26th section. The plaintiff is mistaken in supposing that the attachment was issued under the non-imprisonment act, passed in 1821. The 34th section of that act, as amended by chapter 107 of the laws of 1842, and which is incorporated in the justices' act, (2 *R. S. 4th ed.* 460,) provides that attachments may issue whenever it shall satisfactorily appear to the justice that the defendant is about to remove from the county any of *his property*, with intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to assign, dispose of, or secrete any of his property with the like intent, whether such defendant be a resident of this state or not. The application in this case was not based upon the ground that the defendant had *disposed of his property*, with intent to defraud his creditors, but that he had departed from the county where he last resided, with that intent. The plaintiff states this as the *sole ground* upon which the application was founded. He is required to state the grounds *in his own affidavit,* and then he may *prove the facts and circumstances* to establish such ground, by his own affidavit or that of some other person or persons. The affidavit of the plaintiff does not show any fact or circumstance in support of the grounds; nor is it pretended that it does. But it is contended that the affidavit of Van Vranken is sufficient for that purpose. He swears positively, as a fact within his own knowledge, that the defendant has disposed of his property for the purpose of defrauding his creditors; that is, he swears to the law, without disclosing a single *fact* or *circumstance* to show whether such intent is to be inferred or not. A man may dispose of his property, and dispose of it honestly, for the purpose of paying his debts or supporting his family, and the law will so infer, unless facts and

Stewart v. Brown.

circumstances are shown going to prove that he makes such disposition with a fraudulent intent.   The witness is not to judge, himself, of such intent, but is to disclose the facts to the justice, who is to be satisfied, *judicially*, and upon legal proof—not *belief* alone—which is virtually all to which Van Vranken swears. Besides, in this case, as before remarked, the application was not put upon the ground that the defendant had fraudulently disposed of his property, but that he had *departed from the county where he last resided*, with intent to defraud his creditors.   There is no fact or circumstance sufficient to support this ground, stated in either affidavit.   Van Vranken does, to be sure, swear that the defendant's wife told him, that day, that her husband had disposed of his property and left the county for the purpose of defrauding his creditors.   But he does not even swear that he believed what the wife told him.   If the defendant himself had declared that he had removed from or left the county with intent to defraud his creditors, and such proof had been made to the justice, it would probably have been evidence upon which he could have acted judicially.   But no such fact appears, and within the cases, (14 *Wend.* 237 ; (20 *Id.* 145, 77 ; 10 *Id.* 420 ; 13 *Id.* 404 ; 4 *Denio*, 118 ; 11 *Barb.* 520,) the affidavits were altogether insufficient.

There is another defect here, and that is, the issuing of the summons and rendering judgment on the return of that process. The sections under which this attachment issued do not authorize the issuing a summons, but require judgment to be entered, without a summons.

There are other points, but it is not necessary to examine them, as the judgment must be reversed for these reasons.

Judgment reversed.

[St. LAWRENCE GENERAL TERM, September 5, 1853.   *Hand, Cady* and *C. L. Allen*, Justices.]