## NEW-YORK COMMON PLEAS.

### RICHARD MOTT agt. STAATS B. LAWRENCE.

An *affidavit* to obtain a warrant of attachment must make out a clear, *prima facie* case. The justice must not only be satisfied personally, but judicially, upon *legal proof*.

The fact of a man closing his store and packing up his goods until midnight, and the store being closed the next morning—his family having been removed for two days without his neighbors being informed of it, is not a necessary or presumable legal conclusion that he meant to remove his property from the county with the fraudulent intent specified by the statute.

*New - York General Term, August*, 1859.
*Present*, DALY, BRADY, *and* HILTON, *Judges*.
MOTION by defendant to set aside an attachment.

By the court—DALY, First Judge. The affidavit of the plaintiff was insufficient to warrant the granting of an attachment. The attachment was applied for upon the ground that the defendant was about removing all his property out of the city and county of New-York, with the intent of defrauding the defendant, who was his creditor, and the only facts sworn to in the affidavit were, that the defendant closed up his place of business, on the 21st of October, 1858, and immediately commenced packing up his goods, and continued packing them up until midnight, ready to be removed ; that his store was closed on the morning of the following day, before the warrant issued, and that on the preceding day, the 20th, he removed his family, without informing the defendant or his

family, who reside in the same building, over the store. These facts do not show that the defendant was about to remove his property from the county with intent to defraud his creditors. Upon a proceeding of this kind, which a defendant has no opportunity to contest (*Field* agt. *McVicar*, 6 *Johns.* 130), but is left for his remedy to the undertaking which the plaintiff gives upon obtaining a warrant of attachment, the affidavit must make out a clear *prima facie* case The justice has authority, in the language of the act (*Laws of* 1842, *p.* 74), to grant a warrant for the attachment of the defendant's property, where it shall satisfactorily appear to the justice that the defendant is about to remove any of his property from the county, with intent to defraud his creditors. It is not meant merely that the justice shall be personally satisfied, but, in the words of Chief Justice SAVAGE, in *Smith* agt. *Luce* (14 *Wend.* 237), "he must be satisfied *judicially*, and has no right to be satisfied unless upon *legal proof.*" This case affords a good illustration of the necessity of requiring a strict compliance with the statute, to prevent an abuse of this process, for the defendant upon the return of the attachment offered an affidavit, which the justice could not receive, to show that three or four days before the attachment issued he had rented a store and dwelling-house in another part of the city, and that he had removed the most of his goods to the store, when they were seized upon the attachment. As the whole proceeding is *ex parte*, and the defendant cannot move to discharge the attachment upon counter-proof, the affidavit must disclose facts from which the legal and logical conclusion would be, that the defendant meant to remove property from the county with the fraudulent intent specified by the statute, and the existence of any such intent, or of a design to remove any property from the county, is not a necessary or presumable legal conclusion from a man being engaged in packing up the goods of his store, having the previous day removed his family, which is in substance all that appears by the affidavit. The affidavit, in accordance with the ruling in numerous cases, was wholly insufficient. (*Connell* agt. *Lascelles*, 20 *Wend.* 77 ; *Miller* agt. *Brinkerhoff*, 4 *De-*

*nio*, 120 ; *Matter of Faulkner*, 4 *Hill*, 598 ; *Tallman* agt. *Bigelow*, 10 *Wend.* 420 ; *Vosburgh* agt. *Welch*, 11 *Johns.* 175 ; *Brown* agt. *Hinchman*, 9 *id.* 75 ; *Ex parte Haynes*, 18 *Wend.* 611 ; *Stewart* agt. *Brown*, 16 *Barb.* 367 ; *Staples* agt. *Fairchild*, 3 *Comst.* 41 ; *Costellanoes* agt. *Jones*, 1 *Seld.* 164.)

It is doubtful, moreover, whether the warrant was sufficient, as it did not set forth the ground upon which it was issued ; but it is not necessary to pass upon that question.