## In the matter of Edwin P. Teachout.

*Affidavit: when the words "before me" necessary in jurat.* Where an affidavit is used before the officer who administers it, the omission in the jurat of the words "before me" will not vitiate it.

*Circuit Court Commissioner: Fraudulent debtor's act: Prima facie case.* An application to a commissioner under the fraudulent debtor's act must make out facts amounting to a *prima facie* case of fraud.

*Heard and decided May 1st.*

Habeas corpus to the Sheriff of Calhoun county.

*G. V. N. Lothrop,* for the relator.

*C. I. Walker* and *William H. Brown,* for respondent.

THE PEOPLE *v.* HIGHWAY COMMISSIONERS OF NANKIN.

This was a proceeding to review the acts of a Circuit Court Commissioner under the non-imprisonment law.

The petition set forth in substance that Teachout was imprisoned by the Sheriff of Calhoun county by virtue of a warrant of a Circuit Court Commissioner for fraudulently contracting a certain debt to C. M. Garrison, H. W. Newbery and G. W. Waterman, January 4th, 1867, and assigning his property with intent to defraud his creditors. That such detention was unlawful for the reason that the said warrant was issued without satisfactory evidence to establish the complaint made before said commissioner; and that in the affidavit upon which said warrant was issued the words "before me," in the jurat were omitted.

The court held that where an affidavit is used before the officer who administers it, the omission in the jurat of the words "before me" does not vitiate it.

The majority of the court also held that an application to a commissioner under the fraudulent debtor's act must make out facts amounting to a *prima facie* case of fraud.