## BUFFALO SUPERIOR COURT.

Frank Morgan, respondent, agt. George House, appellant.

To justify the issuing of an *attachment* under section thirty-three of the act to abolish imprisonment for debt, an affidavit must be presented to the justice, showing a demand arising upon contract and the amount of it, that *no warrant can issue*, and that the defendant resides out of the county.

That "no warrant can issue" is a jurisdictional fact, to be affirmatively shown. *Van Kirk* agt. *Wilds* (11 *Barb.* 520), is in conflict with *Bennett* agt. *Brown* (4 *Comst.* 254), and must be considered as overruled.

*General Term, December,* 1868.

C. H. Park, *for appellant.*
W. W. Rowley, *for respondent.*

*By the court,* Masten, J. This is an appeal from a judgment rendered in a justice's court.

The action was commenced by attachment under the thirty-third section of the act to abolish imprisonment for debt. The only question in the case arises upon the sufficiency of the affidaivit upon which the attachment issued.

It was at one time a mooted question whether the statute required that the grounds on which an attachment under that section is authorized to be issued should be shown to the justice by affidavit. The supreme court without much consideration held that no affidavit was required or necessary.

In *Taylor* agt. *Heath* (4 *Den.* 592), Judge Beardsley reviewed those decisions and carefully examined the provisions of the statute bearing upon the question. He showed that such an affidavit was required by the statute, and that there was no authority to issue an attachment under that section without it. In the report of the case it is said that Judges Bronson and Jewett concurred in the opinion of

Judge BEARDSLEY, that the judgment of the justice's court should be reversed on the ground it *did not appear in any way*, that the defendant was a non-resident, without expressing any opinion whether the statute required an affidavit in such case. No one can read the statutes and the opinion of Judge BEARDSLEY, without becoming satisfied that Judge BEARDSLEY reached the right conclusion.

He says "an attachment under section 33 is a authorized because the defendant is a non-resident, *and one against whom no warrant can issue,* but these facts and circumstances must be proved by affidavit."

The court of appeals put the question at rest by adopting the conclusion of Judge BEARDSLEY. (*Bennett* agt. *Brown* (4 *Comst.* 254.)

In *Van Kirk* agt. *Wilds* (11 *Barb.* 520), the supreme court held that an affidavit of the non-residence of the defendant was necessary to confer jurisdiction upon the justice to issue the attachment, but that it was not necessary that it should show that no warrant could issue. The learned judge who delivered the opinion in that case, does not give the question much examination.

*Van Kirk* agt. *Wilds* is in conflict with *Bennett* agt. *Brown,* and was decided before *Bennett* agt. *Brown* was reported, and probably in ignorance of it, for it is not alluded to.

*Van Kirk* agt. *Wilds* must be considered as overruled.

The 33d section is, "whenever by the provisions of the thirtieth section of this act, *no warrant can issue,* and the defendant shall reside out of the county, he shall be proceeded against by summons or attachment." The act also contains the following provision: "Before any attachment shall issue * * * the plaintiff shall by his own affidavit or that of some other person, prove to the satisfaction of the justice, the facts and circumstances to entitle him to the same."

The court of appeals in *Bennett* agt. *Brown* (*supra*), held

that this provision applied to attachments under section thirty-three.

To justify the issuing of an attachment under section thirty-three an affidavit must be presented to the justice showing a demand arising upon contract and the amount of it over all discounts, that *no warrant can issue*, and that the defendant resides out of the county. (2 *R. S.* 230; *Laws*, 1831, 396; *Bennett* agt. *Brown* (*supra*).

The affidavit in this case is as follows:

"Erie county, ss: Frank Morgan being duly sworn says, that he has a demand against the defendant George House, arising upon contract, amounting to over twenty-four dollars over and above all discounts, and that the said George House is a non-resident of Erie county."

It is claimed that this affidavit is defective in not showing that the demand is one for which "no warrant can issue." By the thirtieth section referred to, no person can be arrested "upon any demand arising upon contract express or implied," unless it be for money collected by a public officer; or, for any misconduct or neglect in office; or, in any professional employment."

To state that the demand arises upon contract, does not show that it is a case in which by the provisions of section thirty "no warrant can issue," for it may be one of the excepted cases.

An action by a client against his attorney for money collected by the latter for the former, is upon a demand arising upon contract and yet it is a case in which a warrant can issue; and in which consequently an attachment under section thirty-three is not authorized. (*Stage* agt. *Stevens* (1 *Den.* 267.)

The affidavit must state facts and circumstances sufficient to prove the jurisdictional fact that the case is one in which by the provisions of the thirtieth section, no warrant can issue.

The affidavit in this case is in that particular defective.

Morgan agt. House.

That the demand is one for which no warrant can issue, may be shown by stating that it is one arising upon contract and is not for money collected by a public officer, or for any misconduct or neglect in office, or in any professional employment, or by stating for what the demand is, as for work and labor, or goods sold, or money lent, &c.

The judgment must be reversed.