———o———

NICHOLAS D. BADGER v. JENNIE B. READE.

*Warrant for arrest of fraudulent debtor.*

The affidavit for a warrant under the Non-imprisonment Act must state specific facts positively and not inferentially, on personal knowledge and not on belief; and if the complainant does not know the facts, affidavits must be obtained from those who do.

Where the claim for which a warrant under the Non-imprisonment Act is issued, is alleged to be in judgment, the affidavit for the warrant must set forth such a judgment as will authorize the

proceeding, as well as such other facts as will convict respondent of such conduct as the statute makes sufficient ground for a warrant. The affidavit should give the date of the judgment, and is fatally defective if it does not show the form of the action in which it was rendered.

Certiorari to Frank Emerick, Circuit Court Commissioner for Washtenaw county.    Submitted October 29. Decided November 22.

*A. J. Sawyer* for plaintiff in certiorari.    The affidavit for a warrant under the Non-imprisonment Act to arrest a debtor on a claim in judgment must show that the judgment was founded on contract, Tiffany's Justice's Guide (5th ed.) 537; 2 Burrill's Pr., (2d ed.) 292–3: 3 id., 502.

*E. D. Kinne* and *M. V. & R. A. Montgomery* for defendant in certiorari.

CAMPBELL, C. J.    On the 28th day of August, 1878, Mrs. Reade applied to Frank Emerick, circuit court commissioner of Washtenaw county, for a warrant to arrest Badger under the non-imprisonment act, and upon the return of the warrant, his objections to the proceedings being overruled, the respondent declined making any issue, claiming the showing insufficient, and was committed.    He brings certiorari, and the objections made go to the legal sufficiency of the affidavits presented to the commissioner.

The right to issue such a warrant is confined to cases in which, by preceding provisions of the chapter authorizing it, a defendant cannot be arrested or imprisoned. Comp. L., § 7176.    The preceding sections 7174–5 prohibit arrests in civil proceedings for the recovery of money on a judgment or decree founded on contract, or for recovery of money due on contract, or for damages for the breach of a contract, and except from the prohibition proceedings for contempt to enforce civil remedies, actions for fines, penalties or forfeitures, or for breaches

of promise to marry, or for moneys collected by a public officer; or for misconduct or neglect in office, or in professional employment.

This exemption from imprisonment has been extended by the Constitution, so that there is now no power to arrest in some of the cases mentioned in section 7175. The statute, however, has not been altered to conform to the Constitution, and may possibly have left some cases beyond the reach of the punitory jurisdiction which would have been provided for had such an amendment been adopted. We are not required in this case to discuss that question.

In cases where the preceding sections exempt parties from arrest, a warrant may be applied for to the officers named if "satisfactory evidence shall be adduced to such officer by the affidavit of the plaintiff or of some other person or persons that there is a debt or demand due to the plaintiff from the defendant, and specifying the nature and amount thereof as near as may be, for which the defendant, according to the provisions of this chapter, cannot be arrested or imprisoned, and establishing one or more of the following particulars." Those particulars are in brief, *first*, that defendant is about to remove his property beyond the jurisdiction of the court where suit was brought, with intent to defraud his creditors; or *second*, his refusal to apply his assets in payment of the judgment rendered in favor of the complainant; or *third*, that he has assigned, removed or disposed of, or intends to dispose of his property with intent to defraud his creditors; or *fourth*, that he fraudulently contracted the debt or incurred the obligation sued on.

When the warrant issues and the respondent is brought in he may controvert the allegations and verify his denial by affidavit, in which case only a further examination is had on the facts. § 7180. The whole issue is upon the allegations of the complainant, and the result depends upon those and their truth, which is held admitted if

not denied. § 7182. *Spencer v. Hilton*, 10 Wend., 609.

The affidavits must set up facts on knowledge and not on belief, and if complainant does not know the facts, other affidavits must be produced from those who do know them. *People v. Recorder of Albany*, 6 Hill, 429; *Proctor v. Prout*, 17 Mich., 473. The fact that matters stated are not hearsay, but are on personal knowledge, must distinctly appear. *Id.* And it is held in the same cases that the facts must be specific and not general so that a defendant may know precisely what he is called on to controvert. See also *Spencer v. Hilton*, supra; *Smith v. Luce*, 14 Wend., 237; *Matter of Teachout*, 15 Mich., 346. The facts must be stated as a witness would be allowed to state them on the witness stand,—not inferentially, but directly and positively. For a similar principle see *People v. McAllister*, 19 Mich., 215.

In the present case, where the claim was alleged to be in judgment, it was necessary to set forth such a judgment as would authorize the proceeding, as well as such other facts as would convict the respondent of the conduct which the statute makes sufficient ground for a warrant.

The commissioner in his warrant sets forth that satisfactory evidence has been adduced before him of all of the kinds of fraud set forth in the statute, except fraud in the creation of the liability. It is therefore necessary to see what he had before him.

There were three affidavits,—one of Mrs. Reade covering the whole ground inferentially; one of Morgan Vaughn showing the condition of respondent's deposit account; and one of Norton S. Case confined to his proceedings under an execution.

Mrs. Reade undertakes to set out the recovery of a judgment. She does not state when the judgment was rendered, except that it may be inferred it was sometime between December 5, 1877, and February 9th, when a motion for a new trial was denied which had been made February 2d, 1878. As every judgment is of rec-

ord and can be precisely identified, the date is a necessary part of its description; and while the affidavit may stand in lieu of an exemplified copy, it should give the same information as to its identity. Case's affidavit refers to Mrs. Reade's and gives no further description.

Nothing whatever appears in any of these affidavits to show what was the form of action, or whether it was brought in assumpsit or in tort, on contract or on some other liability. The only explanatory averment is "that said defendant now owes and is indebted to said deponent, the said judgment and the full amount thereof principal, interest and costs, and said defendant cannot be arrested, imprisoned, by or in pursuance of the provisions of sections one and two, or either of them, of chapter two hundred and thirty of the Compiled Laws of 1871," etc.

It is indispensable to the attaching of jurisdiction to grant a warrant that the judgment be brought distinctly within the statute. If the facts had been so set out as to show upon what precise claim the judgment was rendered, and in what form of action, it would then have been a question of law whether it was or was not within the law. The simple averment that the defendant could not be arrested under sections one and two, allowing its peculiar form above quoted to mean precisely that, is neither more nor less than a conclusion of law. It is not a statement of fact. The commissioner's finding in his warrant does not, as it could not, show what the judgment was, but merely declares it to have been a personal judgment. It is unnecessary to say that there are several cases where no arrest can be allowed, in which the case does not come within the language of the sections referred to. Such might be judgments in replevin, or for breach of promise to marry, the Constitution having changed the rule as to the latter, and other statutes preventing the former from being grounds of arrest. *Fuller v. Bowker*, 11 Mich., 204; *Tyson's Case*, 32 Mich., 262. It is also to be observed that the author-

ity still exists to arrest on contracts to marry where fraud is charged (*Sheahan's Case*, 25 Mich., 145), and that there are many cases where there may be an election between contract and tort. There has been much controversy as to the application of the Non-imprisonment Act to such cases, and as courts have found some trouble in solving these disputes, it cannot be held sufficient for a private suitor to invoke the extraordinary and severe penalties of this law on her own inference as to what the law means without informing the officer on what fact she grounds her inference. Thus in *Bohanan v. Peterson*, 9 Wend., 503, it was intimated that an attorney could not be arrested in a civil action for retaining moneys, but could only be imprisoned on contempt proceedings, and that bringing a civil action was an election of remedies waiving the right of arrest. In *Stage v. Stevens*, 1 Denio, 267, this was overruled.

In *Brown v. Treat*, 1 Hill, 225, it was held that where the cause of action grew out of contract relations, no arrest was allowed, whether the action was in assumpsit or in tort. In *McDuffie v. Beddoe*, 7 Hill, 578, the court of errors held that a defendant might be taken on execution out of chancery on a bill filed for fraud, although springing from contract dealings, and one of the Senators disputed the correctness of *Brown v. Treat*. In *Suydam v. Smith*, 7 Hill, 182, BRONSON C. J. held the decision of *Brown v. Treat* did not cover an action of trover against a bailee brought by an assignee of the bailor who could not have sued in his own name on the contract. In *Miller v. Scherder*, 2 Comst., 262, it was held that where a plaintiff unites in one suit causes of action on contract and tort, the defendant is exempted by the Non-imprisonment Act from arrest, while if he fails in his action he cannot by that election prevent the defendant from issuing execution for the arrest of plaintiff for his costs.

These cases, which might be multiplied, show the propriety and necessity of requiring facts and not infer-

ences to be set forth in the affidavits. The fact that the commissioner on these papers was only able to infer —as his warrant shows—that a "personal" judgment had been rendered, exemplifies this further. He has found and could find nothing to indicate the rendering of such a judgment as would justify a warrant. There are very few cases of any kind where a personal judgment may not be rendered.

Regarding the affidavits as fatally defective on this preliminary point, we need not go further and discuss the manner in which they sought to make out misconduct, nor would it be proper to consider the grave questions of jurisdiction and legal validity of the statutory proceeding as affected by the Constitution and the bankrupt laws.

The proceedings must be quashed with costs.

The other Justices concurred.