# PROVIDENCE COUNTY.

CAROLINE C. WINDSOR *vs.* GEORGE T. BROWN.

An attorney at law collected money for his client. A disagreement arose as to the fees to be paid, whereupon the client brought a suit against the attorney, and recovered judgment. The attorney then paid over a part of the judgment amount, and the client asked the court for a summary order on the attorney requiring the payment of the judgment balance.

*Held*, that the order should not issue. The summary power of the court cannot be invoked when the relation of attorney and client has been merged in that of debtor and creditor.

PETITION for an order of court requiring the respondent to pay over certain moneys collected by him as the petitioner's attorney.

*November* 17, 1885. STINESS, J. The petitioner asks for an order of the court requiring the respondent, an attorney at law, to pay over a balance of money due to her upon an execution which she holds against him. It is admitted that he collected a claim for her; that, upon a disagreement between them about the amount he was entitled to retain for services, she brought suit against him and recovered judgment; and that he has paid over to her something more than he claimed he ought to pay, but less than the amount of the judgment in her favor. As stated in *Burns* v. *Allen, ante,* p. 32, it is not the province of the court, in a proceeding of this kind, to adjust accounts between counsel and client. Neither does the court undertake to collect disputed

claims for clients against attorneys in whom there has been an unfortunate and misplaced confidence. Nevertheless, when an officer of the court withholds funds unconscionably, or to an amount clearly above any legal claim, the court, not undertaking to settle the exact sum that may be due, but to enforce good faith and fair dealing, will require its officer to pay so much as is beyond dispute. In such a case the question before the court is that of honesty and the fair performance of official duty. In *Balsbaugh* v. *Frazer*, 19 Pa. St. 95, Black, C. J. said: " If the client is dissatisfied with the sum retained, he may either bring suit against the attorney, or take a rule upon him. In the latter case the court will compel immediate justice, or inflict summary punishment on the attorney, if the sum retained be such as to show a fraudulent intent. But if the answer to the rule convinces the court that it was held back in good faith, and believed not to be more than an honest compensation, the rule will be dismissed, and the client committed to a jury trial." See, also, *In re Harvey*, 14 Phila. 287.

In the case before us the petitioner claims that, as the amount due has been determined by suit and judgment, the balance is unlawfully detained, and should be subject to the order of the court. But this is not so. The respondent cites authority to the effect that a client, in proceeding by one process, waives the right to proceed by the other. In *Cottrell* v. *Finlayson*, 4 How. Pr. 242, the language seems to imply that, as remedies by suit and by summary process are concurrent, the election of one is a waiver of the other, because there should not be two suits to recover the same debt. If this is so, it follows that a petitioner seeking a summary order will be bound by that order as to the amount which may be left to ·be claimed for fees. Instead, therefore, of saying that one retention is so illegal or unjust as to call for the interference of the court, or that another retention, though possibly too large, is still within the range of reasonable and lawful dispute, the court would become the tribunal to try the question of fees, involving also questions of fact. We do not need to go so far as to decide whether the election of one remedy is a waiver of the other. This involves the question whether an application to compel an attorney to pay over a balance which he has no claim

to hold, deprives either of the parties of his right to a jury trial as to the amount that may fairly be disputed between them. It is not clear that the disputable and the indisputable claims are one and the same debt. They certainly stand on different grounds. But there can be no question that, where a client has obtained a judgment for the whole amount due him, he has thereby waived his right to summary process, for the parties no longer stand in the simple relation to each other of counsel and client. The respondent is not before the court simply as its officer. He is the petitioner's judgment debtor. The summary jurisdiction of the court cannot be invoked when the relation of attorney and client has been changed to that of debtor and creditor. As stated in *In re Davies,* 15 Weekly Reporter, 46, " the money owing from Davies, which has been received by him as attorney, has been converted into a judgment debt, and no longer exists as the debt which was due from him as an attorney."

See, also, *Bohanan* v. *Peterson,* 9 Wend. 503, where the client had taken a note from the attorney.

The petition must therefore be dismissed.

*Cyrus M. Van Slyck,* for petitioner.

*George T. Brown, pro se ipso.*