(34 Misc. Rep. 197.)

## DILLER v. WILLIS.

(Supreme Court, Appellate Term. February 25, 1901.)

ATTACHMENT—JUDGMENT—VOID—AFFIDAVIT—INSUFFICIENCY.

Under Code Civ. Proc. § 2918, and Consol. Act, § 1329, providing that a judgment in attachment may be rendered without personal service if defendant's property has been "duly attached," a judgment in attachment, in which no personal service had been made on defendant, but in which an attachment of her property had been effected, was void where the affidavit on which the attachment was issued stated that defendant lived outside the county, as Code Civ. Proc. § 2906, and Consol. Act, § 1317, require the affidavit to show that defendant lives without the state.

Appeal from municipal court, borough of the Bronx, Second district.

Action by William E. Diller against Eloise Willis. From a judgment in favor of the plaintiff, the defendant appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

E. J. McGanney, for appellant.
W. L. McCorkle, for respondent.

BLANCHARD, J. This is an appeal taken by defendant from a judgment of the municipal court of the city of New York. Appellant claims that the judgment was void, because rendered without jurisdiction. It is claimed that the judgment must be reversed upon a number of grounds. Only one of these need be considered. No personal service of defendant was made, but the return shows that an attachment was granted and issued to the marshal, upon which jurisdiction was evidently intended to be founded. The only provision for entering judgment without personal service on defendant or his appearance is that in section 1329 of the consolidation act and section 2918 of the Code of Civil Procedure, where it is stated that judgment may be entered in such a case "where property of the defendant has been duly attached by virtue of a warrant of attachment." Before property can be duly attached, the warrant must have been lawfully issued. In this case, however, no warrant was properly issued. The affidavit upon which the warrant was issued clearly shows that the ground on which the warrant was sought was the alleged nonresidence of defendant, who, it was alleged, "resided at Plattsburg, state of New York, and without the county of New York." This is insufficient to support an attachment in the municipal court. An attachment can only be sustained where the defendant is a nonresident of the state, and not merely a nonresident of the county. Code Civ. Proc. § 2906, and Consol. Act, § 1317. Plaintiff probably placed reliance on the case of Van Kirk v. Wilds, 11 Barb. 520. When that case was decided, chapter 300 of the Laws of 1831 was in force, and

by section 33 thereof such a warrant as was here issued was proper. This act, however, was repealed upon the enactment of the Code (Laws 1880; c. 245, § 1, subd. 9). The warrant of attachment, having no proper foundation, was issued without jurisdiction, and was void, and accordingly it follows that no property of defendant could have been duly attached by virtue of it. Kingsford v. Butler, 71 Hun, 598, 24 N. Y. Supp. 1094. The necessity of personal service was not, therefore, dispensed with, and the judgment herein entered was without jurisdiction, and void, and must be reversed, with costs. All concur.