J. GRANT MORSE, Respondent, *v.* THOMAS McQUADE, Appellant.

(County Court, Madison County, April, 1907.)

Justices of the peace — Procedure in justices' courts — Particular proceedings — Attachment — Affidavits; Service and return.

> An affidavit filed with a justice of the peace which states that defendant " has departed from the county where he last resided with intent to defraud his creditors; that he has covered some of his property with chattel claims, has sold some of the mortgaged property, collected his milk checks and took what money he could get, leaving none for his family, and told no one where or when he was going and has been gone since Aug. 21, 1906," is clearly insufficient to confer jurisdiction to issue a warrant of attachment.

> Where in such case defendant was not personally served with the summons or warrant of attachment or other paper in the action, and judgment is taken upon his default; and the return

of the constable of the summons and warrant of attachment, to which summons and warrant is annexed his inventory, states that he served the within summons on the "within named defendant" (naming a person who was not the defendant) "by delivering to and leaving with her personally a true copy thereof," said property was not duly attached within the meaning of section 2918 of the Code of Civil Procedure and the court acquired no jurisdiction to hear and determine the action and the judgment should be reversed with costs to the appellant.

APPEAL from a judgment of a justice's court rendered in favor of the plaintiff.

Welch & White, for appellant.

Dayton F. Smith, for respondent.

KILEY, J. This is an appeal by the defendant from a judgment entered against him, in favor of the plaintiff, on the 21st day of September, 1906. Said judgment was obtained in the justice's court of the town of Hamilton, Madison county, N. Y. The amount of said judgment is thirty-six dollars and fifteen cents.

The proceedings were commenced by the issuing of a summons by the justice, and at the same time he issued a warrant of attachment. The return of the constable shows that he took certain property of the defendant by virtue of said warrant of attachment. The defendant was not personally served with said summons, or said warrant of attachment, or other paper in the proceedings; he did not appear on the trial of said action, and was not represented by counsel, hence said judgment was taken as by default.

The defendant appellant assails said judgment and seeks its reversal upon this appeal, upon several grounds, chiefly among them, the following:

*First.* That the affidavit filed with the justice is insufficient upon which to base a warrant of attachment.

*Second.* That the return of the constable was insufficient to confer jurisdiction upon the justice to proceed with the trial of the action.

*Third.* That the justice did not acquire jurisdiction to find judgment against him.

The only mode by which a judgment of a justice of the peace can be reviewed in a civil action is by appeal. Section 3044 of the Code of Civil Procedure.

This cause of action is one of the causes of action designated by section 2905 of the Code of Civil Procedure, upon which a warrant of attachment may be had.

Section 2906 of said Code provides what must be shown to procure a warrant of attachment.

The plaintiff in this action attempted to bring himself under subdivision 2 of that section; and I must hold that he failed to comply with the statute in that regard, so far as the papers returned to the county clerk's office give a history of the proceedings. In the brief of counsel for the respondent, it is claimed the justice relied in part upon a previous affidavit in another case against the same defendant at or about the same time, in which was contained this allegation:

"Fred L. Dunham, being duly sworn, deposes and says that he resides in the town of Hamilton, N. Y., and is over 21 years of age; that he kept a general store in Poolville, said town, and that he sold and delivered to Thomas McQuade goods and merchandise, at an agreed price from time to time, and that there is now due on said contract or agreement the sum of $106.92; that said McQuade has departed from the county of Madison, with intent to defraud his creditors; that his reason for such belief is that he told me that he would sell out and leave his family; that he has covered part of his property with chattel claims; that he has left his family and has been gone at least two weeks; that there are no offsets or counterclaims to this amount to the knowledge of this deponent."

The portion of the affidavit in this case which it is claimed shows fraud, or fraudulent intent, is as follows: "That said McQuade has departed from the county where he last resided with intent to defraud his creditors; that he has covered some of his property with chattel claims, has sold some of the mortgaged property, collected his

milk checks and took what money he could get, leaving none for his family, and told no one where or when he was going and has been gone since Aug. 21, 1906."

This affidavit is entirely insufficient, even conceding that the one first quoted forms a part of it. No facts are stated to uphold the conclusion sworn to by the plaintiff. Proctor v. Whitcher, 15 App. Div. 227; Mohlman Co. v. Landwehr, 87 id. 83; Bump v. Daheny, 36 N. Y. St. Repr. 114.

Section 2910 of the Code of Civil Procedure provides how the summons and warrant of attachment must be served upon the defendant. It reads as follows:

" The constable must, immediately after making the inventory, and at least six days before the return day of the summons, serve the summons, together with the warrant of attachment and inventory, upon the defendant, by delivering to him personally a copy of each, if he can, with reasonable diligence, be found within the county; or, if he cannot be so found, by leaving a copy of each, certified by the constable, at the last place of residence of the defendant in the county, with a person of suitable age and discretion; or, if such a person cannot be found there, by posting it on the outer door, and also depositing another copy in the nearest post-office, inclosed in a sealed postpaid wrapper, directed to the defendant at his residence; or, if the defendant has no place of residence in the county, by delivering it to the person in whose possession the property attached is found."

The return of the constable of the summons and warrant of attachment in this case, and to which summons and warrant of attachment is annexed the constable's inventory, reads as follows:

" ............ COUNTY, *ss,*"

" I hereby certify that on the 15th day of September, 1906, I served the within summons on the within named defendant Flora McQuade by delivering to and leaving with her personally a true copy thereof fees $1.20."

It needs no citation, except the Code above referred to, to demonstrate that this return is insufficient; but it is

held in Proctor v. Whitcher, above cited, that a much more complete return was insufficient.

If the affidavit was sufficient, I would attempt to obviate the question raised as to the return, by ordering it sent back for correction; but, as the affidavit upon which the warrant of attachment issued is insufficient, the defect in the return does not add anything to the burden. This is another illustration of a justice of the peace who has no legal training attempting to initiate proceedings, extremely technical in their provisions, the commencement of which trips many a good lawyer in the course of his practice. I have one regret here, that I cannot impose the costs upon the justice who made what will prove a costly mistake for the respondent.

Had the summons been personally served, the argument of respondent's counsel, that the appellant has no standing in court entitling him to assail the attachment, would have some force; and I would not only be inclined but glad to follow the doctrine laid down in Bump v. Daheny, 36 N. Y. St. Repr. 144.

Section 2918 of the Code of Civil Procedure controls the proceeding of a justice when personal service of the summons is not made and when no appearance for the defendant is had. That section reads as follows:

" § 2918. Proceedings where summons not personally served.— Where the defendant has not appeared, and the summons has not been personally served upon him, and property of the defendant has been duly attached by virtue of a warrant, which has not been vacated, the justice must proceed to hear and determine the action; but, in an action subsequently brought, the judgment is only presumptive evidence of indebtedness, and the defendant is not barred from any counterclaim against the plaintiff. The execution, issued upon a judgment so rendered, must require the constable to satisfy it out of the property so attached, without containing a direction to satisfy it out of any other property."

It will be noted, by a reading of the section last quoted, that, when the defendant does not appear and the sum-

mons has not been personally served upon him, the justice can only proceed to hear and determine the action when the property of the defendant has been *duly* attached by virtue of the warrant and said warrant has not been vacated. This appeal brings up the question as to whether the property of the defendant has been *duly* attached by the warrant? As held herein, said property was not duly attached, on account of the insufficiency of the affidavit upon which to base a warrant; and property cannot be *duly* attached by a warrant issued upon such an affidavit. Hence, the court acquired no jurisdiction to try and determine the action. Diller v. Willis, 34 Misc. Rep. 197; Kingsford v. Butler, 71 Hun, 598.

I had hoped that an examination of the record would disclose conditions that would permit me to sustain the judgment under the broad discretion conferred upon the appellate court by section 3063 of the Code of Civil Procedure, which provides that " The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." But this cannot be done, because the error is not a technical one, and is so held in Kingsford v. Butler, *supra.*

Judgment is reversed, with costs of this appeal to the appellant.

Judgment reversed, with costs to appellant.